.[*Ex parte* City Council of Montgomery.]

# *Ex parte* City Council of Montgomery.*

### *Application for Mandamus.*

1. *Appeal from chancery decree; lower court can not pass upon demurrers pending appeal.*—An appeal to the Supreme Court from a decree of the chancery court dissolving a temporary injunction restraining the defendant from selling plaintiff's land under a former decree, presents and requires the appellate court to pass upon the question as to whether the bill asking for the injunction contains equity; and hence during the pendency of such an appeal, the lower court can not hear and determine a demurrer to the bill or a motion to dismiss the bill for the want of equity, made after the appeal was taken; and a writ of *mandamus* will not issue to compel the lower court so to do.

This was an original application filed in the Supreme Court asking for a writ of *mandamus*. The facts of the case are sufficiently stated in the opinion.

W. A. GUNTER, for petitioner.

No counsel marked *contra*.

McCLELLAN, J.—The petitioner, the City Council of Montgomery, prays that a writ of *mandamus* be issued out of this court to the chancellor of the Southeastern Chancery Division and to the chancery court of Montgomery county, commanding the said chancellor in vacation and the said court in term time to hear and determine a motion to dismiss for want of equity a certain bill prosecuted by Mrs. Mary E. Winter against petitioner, and also to hear and give judgment upon certain demurrers interposed to said bill by the respondent thereto. The object and prayer of said bill was to enjoin, temporarily until final hearing and perpetually on the hearing, the enforcement of a decree for the sale of certain realty which has been rendered in favor of the

---

*This case should have been reported in 100 Alabama; but through mistake was omitted therefrom.

City Council of Montgomery, and which it was proceeding to enforce. The temporary injunction was ordered and issued as prayed. Thereupon the respondent moved "for an order discharging and dissolving the injunction heretofore granted, * * restraining respondent from enforcing its decree." The grounds of this motion are not stated. It was granted, and an order was regularly made dissolving the temporary injunction. From it an appeal was prosecuted to this court, the order being superseded and the injunction restored pending the appeal. The appeal is still pending here. After it had been taken and fully perfected, the respondent, "after due notice to the adverse party, submitted to the chancellor * * * in vacation its demurrers to said bill and a motion to dismiss said bill for want of equity." On this submission the chancellor made the following order : "The injunction in this cause being reinstated on appeal to the Supreme Court, which appeal is still pending, I decline to pass in vacation upon the demurrer and motion to dismiss the bill for want of equity." At the ensuing term respondent asked the court to hear the demurrers interposed to the bill or to set the same down for hearing on some day of the term "and the court, being informed by the record and otherwise that an appeal is now pending in the Supreme Court in this case from an order dissolving the injunction heretofore granted herein, * * * * a supersedeas having been given which restored the injunction," was of the opinion that it had "no right to proceed to hear the case to any further extent until said appeal is disposed of," and therefore refused to hear said demurrer. The demurrer in question went to the substance, not merely the form, of the bill. It challenged the sufficiency of the bill both because of the absence of, as demurrant insists, necessary averments, and on the ground that, as respondent insists, the allegations made in the bill demonstrate its want of equity. So that the chancellor and the chancery court were called upon by the respondent by the demurrer as well as, of course, by the motion to dismiss to pass upon and determine the equity of the bill. That question is directly involved on the appeal which is now pending in this court. While, as we have seen, the motion to dissolve the temporary injunction does not set forth the grounds upon which it

proceeds, and while the interlocutory order dissolving the injunction does not recite the reasons for that action, the inquiry whether the bill contains equity is presented on the appeal now before us, and it well may be—at least we can not see that it will not be—that upon the issue of that inquiry the fate of the case in this court will depend. Moreover, as the final relief sought must be granted or denied upon the same considerations and principles, so far as the averments of the bill are concerned, as will shape this court's action on the appeal from the interlocutory order dissolving the temporary injunction, since the object and prayer of the bill is for the perpetuation of the *ad interim* writ when the cause comes to final hearing, it may be that the conclusions of this court on the questions now before it will be determinative of all rights attempted to be effectuated by the bill. It is manifest, therefore, that the questions we are asked to compel the chancellor and the chancery court to hear and determine are the questions which are now in this court, and which we must determine, and being here, the universal rule *ex necessitate* is, that they can not also be in the chancery court. A different rule, or the relaxation of the rule in the manner and to the extent involved in granting the *mandamus* now sought, would lead to or admit of results which can not be justified. If, for example, the court below has the power to pass on the demurrers it also has the power of course to dismiss the bill, and the exercise of such power is the action directly invoked by the motion to dismiss for the want of equity. If this was done, we would have the intolerable anomaly of a pending appeal in this court in a nonexistent cause, or the equally unheard of result of a *nisi prius* court's emasculating and by indiscretion dismissing an appeal properly taken to and pending in an appellate court. On the other hand, if the trial court should conclude on a hearing of the demurrer and motion to dismiss, that the bill contained equity, its decree to that effect would be the merest waste paper as against the judgment of this court to the contrary on the appeal now here ; and if the lower court's conclusion should coincide with that of this court on the question of the equity of the bill, its decree would still be sheer supererrogation, and without force or effect. That there are exceptions to the rule that " an appeal, prop-

erly perfected, removes a case wholly and absolutely from the trial court and places it in the higher tribunal", (Elliott's Appellate Procedure, § 541, *Allen v. Allen*, 80 Ala. 154,) is quite true, (Elliott App. Pro. § 542), but the present case is not one of them. The lower court, pending an appeal, may proceed in matters which are entirely collateral to that part of the case which is taken up, but it can do nothing in respect of any matter or question which is involved in the appeal, and which may be adjudged by the appellate court. The operation of the *mandamus* here prayed would be, as we have seen, to compel precisely this to be done by the court below.

The application must be denied.