174 So. 500

**WINDHAM v. WINDHAM.**

**4 Div. 909.**

Supreme Court of Alabama.

May 13, 1937.

Rehearing Denied June 3, 1937.

Jacob A. Walker, of Opelika, for appellant.

A. L. Patterson, of Phenix City, for appellee.

BROWN, Justice.

We agree with the contention of appellee's counsel that the evidence does not support the conclusion that the appellee, Windham, brought about or procured the debauchery of his wife. It at most shows a bungling effort on his part aided by his cousin, Jones, to fabricate testimony upon which he hoped to procure a divorce from her. It wholly fails to show that she committed adultery with Jones, as charged in the bill. Any other conclusion is incompatible with the fact that Jones remained in the employ of appellee in a responsible position up to the time appellee testified as a witness in this case, and he was not offered as a witness to support the charges made by the bill. Appellee elected to leave his case to rest upon the evidence which, when considered alone, at most raises a mere suspicion or conjecture. This is wholly insufficient under the authorities, especially in the face of the wife's testimony denying said charges, supported by evidence of her good character in the community where she had lived all her life. Brown v. Brown, 229 Ala. 471, 158 So. 311.

The evidence shows that the complainant is a man of considerable means, owns rent property which he assesses, in round figures, at $25,000, and from which he receives $500 to $900 per month income; that the appellant, the wife, has incurred an expense of $500 as attorney's fee for the defense of this suit; and that she is without means. She was allowed temporary alimony of $50 per month and $250 solicitor's fee for prosecuting and for defending the suit. In this respect the decree of the circuit court is affirmed.

In all other respects the decree of the circuit court is reversed and one here rendered dismissing the complainant's bill and granting the defendant relief under her cross-bill. She is allowed as temporary alimony $50 per month as fixed in the report of the register up until June 1, 1937. Her permanent alimony is fixed at $100 per month, which the complainant is required to pay into the registry of the circuit court of Russell county on the first day of each month, commencing on June 1, 1937, and on the first day of each month thereafter. Upon his failure to pay the same, the register of the circuit court will

issue execution therefor, together with the costs of such execution and the fees and commission of the sheriff for collecting the same.

She is also allowed an additional solicitor's fee of $250 for the use of her solicitor for the prosecution of this appeal, for which execution will be issued by the register.

Let appellee pay the costs of the suit and of the appeal. The cause is remanded to the circuit court for the purpose of enforcing the decree.

Affirmed in part, and in part reversed, renaered, and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.