37 So.2d 656

## Ex parte TAYLOR.

### TAYLOR v. BAILES, Judge.

6 Div. 668.

Supreme Court of Alabama.

May 27, 1948.

Rehearing Denied Nov. 26, 1948.

Chas. W. Greer and Frank Bainbridge, both of Birmingham, for respondent.

Gibson & Gibson, of Birmingham, for petitioner.

SIMPSON, Justice.

Review by mandamus of an order awarding the wife of the petitioner solicitor's fees for defending an appeal from a final decree on the merits in a suit between wife and husband, wherein the trial court granted the

wife separate maintenance and suit money, including solicitor's fees, in the trial proceedings before him. The main case, also this day decided, was certified here on the appellant posting his bond securing the costs of the appeal, and is styled Taylor v. Taylor, ante, p. 374, 37 So.2d 645.

■ It should be first observed that in separate maintenance and divorce actions solicitor's fees are allowable, within the discretion of the court, as an incident to granting the wife suit money or alimony pendente lite. Penn v. Penn, 246 Ala. 104, 19 So.2d 353; Ex parte Austin, 245 Ala. 22, 15 So.2d 710.

■ And, on appeal of the cause, this court will order an allowance of an additional fee for the wife's solicitors if the exigencies of the case require it. Windham v. Windham, 234 Ala. 309, 174 So. 500.

This mandamus suit, however, seeks to test the propriety of the action of the lower court in ordering this petitioner to pay additional solicitor's fees for his wife in contesting his appeal from the final decree aforesaid. In challenging this ruling it is argued for petitioner that, the appeal having already been taken and the main case now pending here, the lower court was without jurisdiction in the premises. The case of Ex parte Farrell, 196 Ala. 434, 71 So. 462, L.R.A.1916F, 1257, is chiefly relied on to sustain the position.

While some annotators seem to have construed the Farrell case as sustaining the petitioner's position (17 Am.Jur. 420, § 516, note 12; 19 C.J. 233, § 547, note 8; 27 C.J.S., Divorce, § 221), that case is distinguishable, as has already been noted in the later case of Ex parte Apperson, 217 Ala. 176, 179(5), 115 So. 226, where it was pointed out that Farrell's case held that the trial court was without jurisdiction to adjudicate with reference to temporary alimony after the defendant husband had executed his supersedeas bond and lodged the appeal in the Supreme Court from a final decree on the merits, awarding the wife, among other things, temporary alimony. Of course, that decree, determining all the rights of the parties, having been superseded by the appeal, and one of the contested equities adjudicated therein be-

ing the right to temporary alimony, the lower court was inhibited from taking jurisdiction of a matter already decreed on, and from which the appeal had been taken and the decree superseded by proper bond. Ex parte Apperson, 217 Ala. at page 179, 115 So. 226.

■ The instant case is different. The decree below has not been superseded by bond nor was the matter of the solicitor's fee for defending the appeal involved in the proceeding below or in the decree appealed from, and as observed in Ex parte City Council of Montgomery, 114 Ala. 115, 117, 118, 14 So. 365, quoted approvingly in the Farrell case [196 Ala. 434, 71 So. 463]: "* * * There are exceptions to the rule that 'an appeal, properly perfected, removes a case wholly and absolutely from the trial court and places it in the higher tribunal,' (Elliott's Appellate Procedure, § 541, Allen v. Allen, 80 Ala. 154) * * * The lower court, pending an appeal, may proceed in matters which are entirely collateral to that part of the case which is taken up, but it can do nothing in respect of any matter or question which is involved in the appeal, and which may be adjudged by the appellate court. * * *" Ex parte City Council of Montgomery, 114 Ala. 115, 117, 118, 14 So. 365.

The precise question was under consideration in the early case of Ex parte King, 27 Ala. 387, where it was held that notwithstanding the suing out and pendency of the appeal from a final decree on the merits, the chancellor had jurisdiction to grant an order on the petition of the wife showing a necessity for it for the payment, in addition to temporary alimony and solicitor's fees in the trial court, her solicitor's fees "for their services in defending the appeal which had been taken by the defendant." (27 Ala. at page 390)

This principle must now be regarded as settled, since the King case has been cited as authoritative in several later decisions. Lawrence v. Lawrence, 141 Ala. 356, 37 So. 379; Ex parte Spafford, 199 Ala. 309, 74 So. 358; Ex parte Apperson, supra. It is noticed that the author of the opinion in the Farrell case concurred in the opinion in the above-cited Spafford case, and it may not be supposed that the erudite justice

was not familiar with the principle of the King and Lawrence cases when decision in the Farrell case was rendered.

The weight of authority sustains the same view, as was pointed out in Ex parte Apperson, supra, 17 Am.Jur. 420 § 516; 18 A.L.R. 1499 IV; Nelson, Divorce and Annulment, 2d Ed., Vol. 1, § 12.50, p. 453 et seq. And speaking to this same general principle, we quote from Nelson, supra, § 12.50, pp. 454–455: "* * * after an appeal is perfected, it is almost universally held that, pending an appeal in a matrimonial action, the trial court has jurisdiction to allow both temporary alimony pending the appeal and suit money to prosecute or defend the appeal, no distinction being made by the decisions between the jurisdiction to award temporary alimony and the jurisdiction to award suit money to prosecute or defend the appeal." Citing among other authorities Ex parte Apperson, supra.

■ We therefore hold that the trial court acted within its jurisdiction in undertaking an adjudication of the matter.

■ It is further argued that there was no proof before the trial court as to the reasonableness, vel non, of the appeal fee, citing Jeter v. Jeter, 36 Ala. 391. Jeter's case is readily distinguishable and we deem it unnecessary to here point out the distinction, a comparison of the two cases sufficing for this purpose. It is enough to note that as to the pending case the trial court had before it the entire record and file of the proceedings which had there transpired to final determination on its merits and of which he took judicial notice. This was sufficient upon which to rest his decree allowing the appeal fee, as was the record before this court where such additional fee was allowed in the Windham case, supra, 234 Ala. at page 311, 174 So. 500.

It is finally argued that the fee was excessive. We are in accord with this contention. This court has before it the record in the main case and is familiar with the services rendered in connection with the litigation. In view of the circumstances of the parties and petitioner's financial status, it is our view that a reasonable fee for Mrs. Taylor's solicitor for the entire litigation would be $400, and having allowed a total of $300 fees for the trial below, the amount to be paid for the appeal fee is accordingly ordered to be reduced to $100, and the trial court should so amend the decree. On failing so to do, the writ will issue requiring such action.

Writ granted conditionally.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.

On Rehearing.

PER CURIAM.

This case, as above noticed, is ancillary to Taylor v. Taylor, Ala.Sup., 37 So.2d 645.[1] On original consideration we thought the total solicitors' fee allowed for complainant was excessive and reduced it. On rehearing we are correcting that reduction to some extent.

In rehearing the main case, we have said on the question in decision this day rendered:

"* * * In respect to attorneys' fees, we considered the cases together on submission, and decided that four hundred dollars was a reasonable attorney's fee in the entire matter: that is to say, fees for the representation of the wife on her petition for maintenance pendente lite; trial of the cause in the court below, and representation on appeal to this Court. Upon reconsideration, however, we have reached the conclusion that the allowance of two hundred dollars for representing the wife in presenting her petition for maintenance pendente lite, and two hundred dollars for the trial in the court below were not excessive.

"* * * there is no exact formula for fixing attorneys' fees in matters of this kind. But there is well established authority to the effect that ordinarily fifty percent of the amount allowed for services rendered in the trial court may be allowed for services rendered on appeal.—See, Wilson v. Wilson, 198 Miss. 334, 22 So.2d 161, 23 So.2d 303. While not committing this Court to such a formula in all cases, we have upon reconsideration, the Court sit-

---

[1] Ante, p. 374.

ting en banc, concluded that such an allowance may properly be made in this cause."

It results, therefore, that an allowance of $200 for the appeal fee will be allowed and it is so ordered.

Some rehearing argument seems to contend that the court should be guided by the minimum schedule of fees adopted by the local bar association in determining the question. We are in full sympathy with efforts of the local bar to standardize fees and this deliverance is in no wise a trenchment on any established fee rates.

The vital difficulty with such an unusual position, though, so far as the court may act in the matter, is, first, we are asked to take judicial notice of that which is not judicially before us, namely, the minimum bar fees of the local association, in adjudicating rights of a party litigant and, next, the court is governed in the instant consideration by long and soundly established standards in making an allowance of such fees. (We note that the trial court must have recognized the principle since he also disregarded the minimum bar rates [mentioned in briefs] in his fixation of the appeal fee.)

Such allowances are "solely for the wife's benefit * * * her attorney's right to fee is derivative * * * solicitor's fees in such suits were regarded as a part of her temporary alimony, allowed as such, and as being necessary for the maintenance of her suit * * * 'and not to or for the benefit of her solicitors * * *.'" Johnson et al. v. Gerald, 216 Ala. 581, 582, 583, 113 So. 447, 448, 59 A.L.R. 348, and cases cited.

The sole postulate on which any allowance for the wife can properly be made is the financial ability of the husband to pay. "*Maintenance, not beyond the husband's means, is all the law can enforce.*" (Emphasis supplied.) Murray v. Murray, 84 Ala. 363, 365, 4 So. 239, 240.

In the light of these guiding standards, we think the solicitors' fee for the appeal as above stated to be as much as the exigencies of the case could warrant.

Writ granted conditionally.

Opinion modified and extended and rehearing denied.

BROWN, FOSTER, LIVINGSTON, LAWSON, SIMPSON, and STAKELY, JJ., concur.