45 So.2d 6

**WALLING v. WALLING.**

**8 Div. 537.**

Supreme Court of Alabama.

March 2, 1950.

338

Patrick W. Richardson, of Huntsville, for appellant.

John R. Thomas, Jr., of Huntsville, for appellee.

FOSTER, Justice.

This is a suit filed by the wife against her husband for divorce from bed and board, alimony and suit money, and for the custody of their minor child. Appellant filed a cross-bill and sought a divorce *a vinculo*.

The cause was heard on testimony taken *ore tenus* in open court, in which a decree was rendered whereby the relief prayed for by the wife was granted, including a divorce from bed and board; awarding her the custody of their minor daughter, eight years of age; providing for the payment of $100.00 per month for the maintenance and support of herself and their child, and also providing $250.00 as attorney's fee for representing complainant. No provision has been made or sought for alimony *pendente lite*. The decree denied relief on the cross-bill. In this Court appellant has filed an application for an allowance for an attorney's fee for representing her an appeal.

The evidence shows that the parties were married June 4, 1938, and separated in June 1946. The grounds upon which the divorce *a mensa et thoro* was sought were that of actual violence attended with dan-

ger to her life and health, giving details and circumstances of such claim, and because the defendant had become addicted to habitual drunkenness after the marriage, also adultery.

In the cross-bill the husband sought an absolute divorce from complainant, after denying the charge of adultery and cruelty and that he had become a habitual drunkard after the marriage, alleges as a ground for his divorce voluntary abandonment from his bed and board for more than two years next before the filing of the bill for divorce and by an amendment alleges cruelty on her part, in that, she did many times assault, beat, hit and strike him and thereby committed actual violence attended with danger to his health and life and frequently threatened such conduct: also charging adultery with persons unknown to him.

■ There is no doubt from the evidence in the case that appellant did commit actual violence upon the person of his wife attended under circumstances as to be dangerous to her life or health, and that it was dangerous for her to continue to live with him. The record also shows that he was a habitual drunkard,.but it is not clear that he was any worse after he married than he was before, but his drunkenness in connection with his actual violence upon her person magnified the danger to her in respect to him. There was no satisfactory evidence of the charge of adultery, cruelty or voluntary abandonment against appellee.

Appellee, the complainant in this case, had been in the employ of appellant for sometime before their marriage. He had been tax collector of Madison County and she was employed in his office. He owned practically all of the stock of an implement company and she was the bookkeeper and had much to do with the management of that business. In addition to that the appellant owned a considerable amount of real estate, owning approximately 1,266 acres of land, as he testified, a large part of which he inherited, but title was put in his wife's name pending bankruptcy, and was subject to an obligation on his part to pay to his mother $225.00 a year. The land was afterwards conveyed back to him by his wife. He also owned a house and lot in Decatur, a cafe building in Huntsville and another small house and lot together with forty acres of land on Monte Sano Mountain. At the time of his answers to interrogatories, on April 26, 1949, he was, as he testified, collecting gross rents from said property of $5,540.00 annually.

There was an antenuptial agreement entered into between the parties, but the instrument itself was not produced, and the exact nature of its contents was not fully disclosed, but it contained a stipulation that he was to convey to her, in the event they were divorced, a certain dwelling house located on Whiteburg Drive in Huntsville and two pieces of farm land and cafe lots. He did convey some of said property to her and she is now in possession of the dwelling house in Huntsville, but the two pieces of farm land, one of which was known as the Dyas Place and the other known as the Raby Place, according to the evidence, were encumbered and were subsequently sold but she received no consideration for her equity. She has no other property, but she is a business woman and it is shown that she collected for the year 1948 $1783.50 plus $523.34 on a judgment for rent of certain farm land in Morgan County, and for 1949 her income up to the time of the filing of her answers to the interrogatories, on May 26, 1949, was $719.00 plus $269.40, which she likewise collected on said judgment.

The principal points argued by appellant in brief go to the question, first, of whether he became a habitual drunkard after he was married to his wife and whether he committed actual violence upon her person and the ruling of the court on certain matters of evidence that arose during the trial.

■ The first assignment of error is the overruling of the appellant's demurrer to the bill of complaint. The brief states in support of that assignment of error certain legal principles which are well established in this State, as to which there is

no controversy, and on account of which no ground of demurrer is pointed to as one which should have been sustained. We do not find in the demurrer any ground which seems to be well taken, so there was no error in overruling it.

The second assignment of error is based upon the contention that appellee is not entitled to the relief prayed for in the bill of complaint as amended. As we have heretofore stated, we think the evidence amply supports the allegations of the bill in respect to cruelty and fully justified the decree of divorce *a mensa et thoro,* as prayed in the bill as amended. It is needless to refer in detail to our cases respecting such a bill and particularly to the statutory provisions, sections 36 and 37, Title 34, Code, because the principles of law have been so often reviewed that they do not need further analysis.

The third assignment of error is based upon the denial of relief to appellant on the cross-bill. We have stated in a general way the grounds set up in the cross-bill for the relief sought. We do not think the evidence supports those charges and the relief was properly denied appellant on said cross-bill.

The fourth assignment of error is that the court erred in decreeing a divorce *a mensa et thoro.* We have previously given our reasons for sustaining the court's decree in granting relief to appellee.

Assignment of error numbered five goes to that feature of the decree which awarded the custody of the child to appellee. We think the evidence is to the effect that it is to the best interest of the child, a girl eight years of age, to be placed in the custody of her mother. There is no reason shown why the mother is not a suitable person to have her custody and, therefore, there was no error in that feature of the decree.

Assignments of error six to nine, inclusive, relate to that feature of the decree which provides for $100.00 monthly for the support of appellee and the child and for attorney's fee of $250.00, which was allowed for the prosecution of this suit in the trial court. The foregoing short statement of facts in respect to appellant's financial condition and ability to pay together with the needs of appellee are sufficient we think to show that the amount awarded is reasonable in every respect. It shows on its face there was no effort to make it hard for the appellant or to make an award out of proportion to the needs and standing of the appellee and the child, all of which is to be taken into consideration in fixing the amount of the allowance.

It would serve no useful purpose to discuss each of the other assignments of error separately. They relate in the main to rulings on evidence made during the progress of the trial. None of them justify a reversal of the decree, in the light of the application which has been made to equity of the principle of Supreme Court Rule 45, Code 1940, Tit. 7 Appendix. Roubicek v. Roubicek, 246 Ala. 442, 21 So.2d 244; State v. Mobile & Ohio R. Co., 228 Ala. 533, 154 So. 91. We have given careful consideration to all of the assignments of error.

The trial court allowed an attorney's fee to appellee for prosecuting this suit in that court. Mancil v. Mancil, 240 Ala. 404, 199 So. 810; Ex parte State ex rel. Tissier, 214 Ala. 219, 106 So. 866; Reach v. Reach, 249 Ala. 102, 29 So.2d 676. On appeal to this Court we may, in our discretion, make an allowance for her representation on appeal when application is made to us to do so. Windham v. Windham, 234 Ala. 309, 174 So. 500; Ex parte Taylor, 251 Ala. 387, 37 So.2d 656.

If the supersedeas bond on appeal affected the right of the trial court to make an allowance for attorney's fees for defending appellee on the appeal, Ex parte Taylor, supra; Ex parte Apperson, 217 Ala. 176, 179, 115 So. 226, it did not affect the right of this Court in its discretion to do so.

We think the petition to this Court for such allowance ought to be granted in the sum of one-half of that allowed in the trial court. So that a decree will be here rendered affirming the decree in this case and providing for the payment to appellee

by appellant of an additional sum of $125.00 as an attorney's fee and all the costs of this cause, both in this Court and in the trial court.

Affirmed with an allowance of an amount for an attorney's fee on appeal.

BROWN, LIVINGSTON, LAWSON, SIMPSON and STAKELY, JJ., concur.