57 So.2d 873

**KELLEY v. KELLEY.**

8 Div. 588.

Supreme Court of Alabama.

April 3, 1952.

Arthur D. Shores and Peter A. Hall, Birmingham, for appellant.

Griffin, Ford, Caldwell & Ford, Huntsville, for appellee.

LIVINGSTON, Chief Justice.

On submission here, the appellee moved for the dismissal of the appeal, and for the allowance of attorney's fees for represent-

ing the appellee on appeal to this court. The appeal must be dismissed.

The record discloses that appellee filed her suit for divorce in the Circuit Court, in Equity, of Madison County, Alabama, alleging cruelty. The bill alleged the existence of a common-law marriage between the parties and sought its dissolution, custody of the two minor children of the union, alimony and solicitor's fees. The appellant answered, denying the existence of the alleged marriage relationship and also the cruelty alleged in the bill. By cross-bill he alleged cruelty on the part of the appellee, and further, that he had executed and delivered to the appellee a certain deed conveying to her certain described real estate. Appellant, in the cross-bill, prayed that in the event the court found that the parties were in fact married, that he, appellant, be granted a divorce on the ground of cruelty: that he be granted the custody and control of the two minor children of the parties; and that the deed referred to be set aside, canceled and held for naught.

On the 12th day of April, 1950, the court below rendered a decree granting the appellee, the wife, a divorce *a mensa et thoro*, custody of the children, alimony and solicitor's fees. The decree also denied the relief prayed for in appellant's cross-bill, except that the deed by appellant conveying certain lands to appellee was set aside and held for naught.

The appeal to this court was perfected on October 7, 1950. It is apparent of course that the instant appeal was taken after 60 days, but within 6 months of the rendition of the final decree. Section 788, Title 7, Code 1940, provides that appeals under Chapter 16, Code 1940, from final decrees must be perfected within 6 months from the rendition of such decrees, except in such cases as a different time is prescribed. Section 789, Chapter 16, Title 7, Code 1940, provides: "Appeals from decrees of divorce.—Appeals from decrees of divorce must be taken within sixty days from the date upon which such decree of divorce was rendered."

■ W do not think that the fact that the appellant filed a cross-bill seeking a divorce,

which was denied, renders section 789, supra, inoperative or inapplicable, where, as here, the divorce sought in the original bill was granted; nor does the fact that appellant's security for costs of appeal to this court reciting "from the decree denying relief on respondent and cross-complainant's cross-bill" produce that result. The situation here is different from, and not controlled by, the case of Moor v. Moor, 211 Ala. 56, 99 So. 316. It follows that the appeal must be dismissed, and it is so ordered.

■ On the authority of Ex parte Taylor, 251 Ala. 387, 37 So.2d 656, the sum of $100 is allowed appellee's attorneys for defending the appeal in this court, and it is the order of this court that appellant pay that sum to appellee or her attorneys of record in this cause.

BROWN, LAWSON and STAKELY, JJ., concur.

