87 So.2d 545

**MADISON LIMESTONE COMPANY, Inc., et al.**

v.

**W. E. McDONALD et al.**

8 Div. 860.

Supreme Court of Alabama.

May 10, 1956.

See also, post, p. 295, 87 So.2d 539.

Bell, Morring & Richardson, Huntsville, for appellants.

Watts & Salmon, Huntsville, for appellees.

PER CURIAM.

This is an appeal from a decree overruling demurrers to a bill in equity and to various aspects of the bill.

The decree overrules the demurrer to the amended bill as a whole, asserting that there are no grounds of demurrer addressed to the bill as a whole. It then separately overrules the demurrer addressed to certain named aspects of it. There is only one assignment of error,—that of overruling "the respondents' demurrer to the complainants' original bill of complaint as amended." With respect to such an assignment, we observed in Hays v. McCarty, 239 Ala. 400, 195 So. 241, 244, that "when the demurrer is addressed separately to distinct aspects of the bill on which separate relief is sought, it is as though it were addressed to separate counts of a complaint. There should be * * * separate assignments of error in this Court in each such respect. When so, the ruling on the demurrer to each aspect may be separately considered from the others. There may be error as to one and not as to others. Allison-Russell-Withington Co. v. Sommers, 219 Ala. 33, 121 So. 42." Cf. Shaddix v. Wilson, 261 Ala. 191, 73 So.2d 751.

As noted by the trial court, there are no grounds of demurrer addressed to the bill as a whole. A demurrer to the bill must set forth the grounds, unless the equity of the bill is sought to be tested which may be done by a general demurrer "'that there is no equity in the bill.'" Equity Rule 14, Code 1940, Tit. 7 Appendix. The only rulings on the demurrer which are available for review are those features of it which relate to the various aspects of the bill, and they are not assigned as error.

On December 14, 1955 there was submitted in this Court an appeal from an order of the trial court granting a temporary injunction in this cause, after a hearing on notice. It was dated August 15, 1955, and filed August 16, 1955. The appeal is authorized by section 1057, Title 7, Code, and was taken on August 25, 1955 by giving security for costs. The order provided for the issuance of a temporary *restraining order* enjoining the respondents, as there set out, and ordering the register to issue it upon complainants executing bond as specified. The bond was executed and the writ issued and served. We call attention to the fact that, properly speaking, a *restraining order* is by authority of section 1059, Title 7, Code, after notice is

given as authorized by section 1054, Title 7. When the court sets down for hearing an application for a temporary injunction, he can make a *restraining order* to maintain the status until the application is heard on the appointed day (no such restraining order was here made for that purpose). No writ should issue until the hearing, if a time is appointed for a hearing as authorized by section 1054, supra. At that time the restraining order (if made) will have served its purpose, and the question then is whether a *temporary injunction* should issue and continue in effect until the further orders of the court. Francis v. Scott, 260 Ala. 590, 72 So.2d 93. We think the order of August 15, 1955, made after notice and hearing for a *restraining order* to be issued by the register should be interpreted to mean a temporary injunction from which an appeal may be taken as authorized by section 1057, Title 7, Code. That is the only authority for this appeal. Section 757, Title 7, Code, does not here apply. Those matters appear in the record now pending in this Court, Madison Limestone Company, Inc., v. McDonald, 87 So.2d 539 [1]. We will take notice of them, and find that when the instant decree of the trial court was rendered on November 5, 1955, there had been duly taken on August 25, 1955 an appeal to this Court from the decree of August 15, 1955, which was submitted here on December 14, 1955.

It appears that on the appeal from the order for a temporary injunction the sufficiency of the bill to withstand attack on its equity must be considered, McHan v. McMurry, 173 Ala. 182, 55 So. 793, and therefore the trial court had no power to hear and act on the demurrer to the bill, at the time it was done in the absence of an abandonment of the appeal expressly or by implication. There is nothing to show an abandonment of that appeal at the time the court acted on the demurrer. So that it had no authority to act on the demurrer and its action is void and will not support an appeal. Ex parte City Council of Montgomery, 114 Ala. 115, 14 So. 365; Gibson v. Edwards, 245 Ala. 334, 16 So.2d 865;

Ex parte Taylor, 251 Ala. 387, 37 So.2d 656; Francis v. Scott, supra.

The appeal should be dismissed.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and SPANN, JJ., concur.