142 So.2d 265

Arthur C. TONSMEIRE, Jr.

v.

Doherty C. TONSMEIRE.

I Div. 998.

Supreme Court of Alabama.

May 10, 1962.

Rehearing Denied June 21, 1962.

D. R. Coley, Jr., Mobile, for appellant.

Otto E. Simon, Moore, Simon & Layden, Mobile, for appellee.

COLEMAN, Justice.

This is an appeal from a decree granting a divorce and other relief. The wife filed her bill of complaint praying for divorce and alimony. The husband filed his cross-bill praying for divorce. After hearing evidence ore tenus, the court denied relief on the wife's bill of complaint and dismissed it, but granted a divorce on the husband's cross-bill and awarded alimony and other relief to the wife. The husband appeals.

Appellee has moved to dismiss this appeal because it was not timely taken.

The motion recites that the decree appealed from was rendered March 15, 1961, that notice of appeal was given March 28, 1961, but no security for costs of appeal was filed until May 26, 1961, which was more than sixty days after the decree was rendered.

As we understand it, appellant concedes that the appeal was not taken within sixty days after the decree was rendered.

The decree appealed from dismissed the appellee's bill of complaint, granted to appellant on his cross-bill a divorce from the bonds of matrimony previously existing between appellant and appellee, permitted the parties to remarry after sixty days as provided by law, awarded custody of five minor children, ordered the parties to comply with a prior agreement relating to church and school attendance of the children, ordered appellant to pay for support of the children, and awarded alimony and solicitor's fees to appellee.

§ 789, Title 7, recites that appeals from decrees of divorce must be taken with-

in sixty days from the date upon which such decree of divorce was rendered, but § 789 applies only when a divorce has been granted by the decree of the court. Moor v. Moor, 211 Ala. 56, 99 So. 316.

■ A divorce was granted by the decree on which this appeal is founded. Appellant says, however, that he is not complaining of that part of the decree granting the divorce but that he is complaining of other parts of the decree, which he contends are matters separate and distinct from the decree granting divorce. Whether such matters are incidental to and connected with the decree of divorce or separate therefrom we need not decide. The instant decree cannot be distinguished in any material particular from the decree considered in Kelley v. Kelley, 257 Ala. 173, 57 So.2d 873. In the Kelley case, the decree appealed from denied relief on appellant's cross-bill and granted a divorce, custody of children, alimony, and solicitor's fees to the appellee on her bill of complaint. This court dismissed the appeal because, under the statute, it was taken too late. In the case at bar, the divorce was granted on the cross-bill, not on the bill of complaint. If the rule of the Kelley case is not to be here applied, we must hold that appeal need not be taken within sixty days from a decree granting a divorce on a cross-bill, although an appeal must be taken within sixty days if the divorce be granted on the bill of complaint. The statute makes no such distinction. The only other reason we could give to distinguish the Kelley case would be to say that the party who is successful in obtaining the divorce is not required to appeal within sixty days, but the party who is unsuccessful must appeal within sixty days. There is nothing in the statute to place the parties on such unequal footing with respect to the time for taking appeal from the same decree.

It follows that the appeal must be dismissed and it is so ordered.

Appellee has cross-assigned errors but agrees in brief that if the appeal is dismissed the cross-assignments go with it. So let it be.

■ Application is made to us for allowance to appellee for services of her counsel in representing her on this appeal. The record contains 1475 pages in three volumes. It is evident that appellee's counsel has expended much time and effort in representing appellee on this appeal. The trial court awarded $15,000.00 for representing appellee in that court. We are of opinion that $3,750.00 is a reasonable allowance for representing appellee on this appeal and appellee's motion for allowance of attorney's fees is granted in that amount. Steiner v. Steiner, 254 Ala. 260, 48 So.2d 184; Kelley v. Kelley, supra.

Appeal dismissed.

SIMPSON, GOODWYN and MERRILL, JJ., concur.