213 So.2d 863

**Leila Borland BROWN**

v.

**Barto L. BROWN, Jr.**

**6 Div. 410.**

Supreme Court of Alabama.

Aug. 22, 1968.

702

Frank Marsh, Bessemer, for appellee.

Higgins, Windham, Perdue & Johnson,
Birmingham, for appellant.

PER CURIAM.

This appeal originated from the circuit court of Jefferson County, in equity, wherein, pursuant to an amended bill of complaint, the chancellor awarded appellant a divorce a vinculo matrimonii, on the ground of statutory cruelty.

Pursuant to a prayer for alimony and property settlement, the trial court, after hearing the evidence, awarded complainant (appellant) the sum of $600.00 per month, plus $100.00 per month each, for the use and support of three minor children of the parties.

In addition to the above monthly award, the court ordered appellee to execute and deliver a quit claim deed to the residence of the parties, and to make monthly payments of $212.50 to clear the property of a mortgage debt between the sums of $14,-000.00 and $15,000.00. The appellant and appellee were joint tenants in the property, with the right of survivorship. This award was in the nature of alimony in gross to appellant.

On motion for rehearing, the decree was amended so that it conveyed household effects and furniture to appellant. The motion was otherwise overruled.

The trial court also decreed, that the capital investment account and the interest of appellant in that certain partnership known as Arnold-Brown Metals & Supply Company of Birmingham, as follows:

"is hereby impressed with and made subject to a trust to the extent of $9,000.00, in reimbursement of complainant of an amount contributed to such partnership interest and subsequently transferred to respondent (appellee) without consideration to the complainant, with the right and privilege to respondent to free his said interest of such trust by paying the amount thereof to complainant or her solicitor in full."

The above-quoted portion of the decree appears in paragraph (c) of the original decree.

We have carefully read the narrated evidence appearing in the briefs of the parties, and conclude therefrom that the appellant is entitled to additional relief that was not accorded to her in an amount to which she was entitled.

We do not think it would serve any useful purpose to burden this opinion with details of appellee's business investments, and the ramifications thereof, together with his income and property accumulations. He appears to have been very successful business-wise, and his income from his operations is quite substantial. The record before us embraces considerable detail, both oral and documentary, and reflects success in his business ventures.

The dollars and cents evaluations justified the family in living beyond the standard of a family with only an average income. While the trial court, with judicial propriety, might have allowed a larger monthly allowance than he decreed, we will not contradict his sincere judgment by holding that he was in error in not so doing. We think he properly overruled the motion for a rehearing, except as to the household furniture and effects.

It may be that appellant cannot be as free with her expenditures as she was when she and her husband were living together, and in colloquial language she might have to "small in some," but this observance of frugality, in our judgment, will not be too repressive. Such observance should be in order, for the reason appellant and appellee have both reached the age when their existing health problems may become more aggravated and disabling, and require closer attention to their economy.

It appears from the evidence that appellant, many years before the separation, became a partner with appellee, and others, in Arnold-Brown Metals & Supply Company of Birmingham; that she contributed the sum of $9,000.00 (which she obtained from her husband's father). The partnership was quite successful. Appellant performed services for the partnership. By March 31, 1958, she had credited to her capital and drawing account the sum of $39,897.65, when, without her consent, appellee caused the same to be transferred and credited to his own drawing account. In other words, it appears that appellee, without consideration passing to appellant, appropriated this balance.

 We conclude that appellee, out of fairness and good conscience, should account to appellant for the full sum, and not just $9,000, as provided in paragraph (c) of the original decree. To this latter sum should be added $30,897.65, making a total of $39,897.65 that should be the subject of said paragraph (c). The trial court, on reversal and remand of this cause, will amend paragraph (c) to meet this increase.

We affirm the decree, as amended, in all areas except as to paragraph (c). The decree as to said paragraph is reversed and remanded for amendment as directed.

 We think that under the circumstances of this appeal, the work for appel-

lant's attorneys here involved, and the relief granted, that the appellant should be allowed attorneys' fee for representing her on this appeal. The motion for such a fee is granted and the amount fixed at $2,000.00. Tonsmeire v. Tonsmeire, 273 Ala. 462, 142 So.2d 265; Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645; Walling v. Walling, 253 Ala. 337, 45 So.2d 6.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed in part, and reversed and remanded in part, with directions.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and KOHN, JJ.