229 So.2d 807

**Dallas L. WATSON, III, as Administrator of the Estate of Dallas L. Watson, Jr., Deceased,**

v.

**Lillie Grice WATSON.**

4 Div. 6.

Court of Civil Appeals of Alabama.

Dec. 22, 1969.

A. A. Smith, Hartford, Farmer & Farmer, Dothan, for appellant.

H. K. & J. F. Martin, Dothan, for appellee.

THAGARD, Presiding Judge.

This is an appeal by the administrator of the estate of Dallas L. Watson, Jr., deceased, from a decree made by the Law and Equity Court of Houston County, Alabama, in Equity, during the lifetime of the decedent, granting a divorce and making a property award to Lillie Grice Watson, the former wife of decedent. Lillie Grice Watson was the complainant in the divorce proceeding, and the ground alleged and proved to the satisfaction of the trial court was cruelty.

Dallas L. Watson, Jr. and Lillie Grice Watson were married on April 8, 1965, and lived together until September 21; 1968, at which time there was an altercation and separation. We do not think it necessary to discuss the evidence as it relates to the alleged cruelty. With commendable candor, appellant says in his brief, "We concede that in law he should not have struck his wife and that on this point the Court was justified in awarding a divorce to the wife."

The evidence discloses that at the time of the marriage and divorce the decedent (respondent in the divorce proceeding) was a wealthy man. His net worth was well in excess of $200,000.00, his holdings consisting mainly of rental buildings and farm acreage. The trial court awarded the complainant alimony in gross, real estate and personal property, to the value of about $70,000.00, or about one-third in value of the estate. It is this award to which appellant strenuously objects and to which he addresses his brief and argument.

There was an attempt by decedent's lawyers in the trial of the divorce case and by appellant in his brief to give the impression that Mrs. Watson was an adventuress whose emotion was avarice, not love. There was evidence that immediately after the marriage she busied herself with ascertaining the location and nature of her husband's holdings. On the other hand we think it equally probable that the decedent married her to get the benefit of her services. For many years she had been a secretary-bookkeeper and at one time had made as much as $500.00 per month, although at the time of the marriage her salary was $50.00 per week. The evidence is clear to the fact that she rendered considerable service to her husband in connection with the management of his affairs and that, without the help of a servant, she prepared his meals and kept the house satisfactorily.

At the time of the marriage the decedent was about fifty years old and the appellee about sixty-five years old, and the decedent was afflicted with hypertension and a cardiac disease from which he died about four years later. From these facts we deduce that the love emotion played no great part with either of the participants and that each of them received about what was bargained for.

■ The making of an allowance to the wife from the husband's estate is a matter within the sound discretion of the court, and if an allowance is made it must be as liberal as the estate of the husband will permit, regard being had to the condition of his family and to all the circumstances of the case. Code of Ala. 1940, Recomp. 1958, Tit. 34, Sec. 32; Davis v. Davis, 255 Ala. 488, 51 So.2d 876.

When permanent alimony is awarded in gross, the amount thereof usually varies from one-half of the husband's estate to one-third or less. In determining the amount of permanent alimony there is no fixed rule, since each case must be decided upon its own relevant facts in the light of what is fair and reasonable. Phillips v. Phillips, 221 Ala. 455, 129 So. 3; Steiner v. Steiner, 254 Ala. 260, 48 So.2d 184.

■ The testimony in this case was taken orally before the trial court except for the pre-trial deposition of the complainant. In such cases the finding of the trial court has the effect of a jury's verdict and will not be disturbed on appeal unless plainly erroneous or manifestly wrong. Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558; Grubb v. Teale, 265 Ala. 257, 90 So.2d 727. We hold that the decree of the trial court in this case awarding alimony in gross to the complainant was not plainly erroneous (or excessive) or manifestly wrong."

[4] The trial court allowed complainant attorney's fees of $1,000.00. Appellant asks that this be reduced to $750.00. The finding of the trial court was based upon undisputed testimony as to the value of the services and should not be disturbed by this court.

■ Appellee asks that this court allow her attorneys a reasonable fee for representing her in this appeal and cites Walling v. Walling, 253 Ala. 337, 45 So.2d 6, and Ex parte Taylor, 251 Ala. 387, 37 So.2d 656, as authorities that the fee should be fixed at one-half that allowed by the lower court. Although the authority cited did authorize the court in a proper case to allow the wife an attorney's fee on appeal equal to that allowed by the lower court,

we are of the opinion that the allowance of any fee is in the sound discretion of the court. We think that in view of the rather generous property allowance made to the appellee by the trial court, the appellee should pay her own attorney's fee for representing her in this appeal, wherefore, an allowance is denied.

Affirmed.