251 So.2d 773

Harland L. RADUE

v.

Bill McCULLOUGH, Jr.

6 Div. 85.

Court of Civil Appeals of Alabama.

Aug. 11, 1971.

155

George S. Brown, Birmingham, for appellant.

Cas B. Tyler, Birmingham, for appellee.

THAGARD, Presiding Judge.

On motion for rehearing by appellant, the original majority opinion of the Court, with Judge Wright dissenting, is withdrawn and the following opinion substituted in lieu thereof.

On July 15, 1968, suit was filed by Bill McCullough, Jr., against H. L. Radue on a note due in the amount of $750.00, plus interest and attorney's fee. On May 5, 1970, the case was tried and the jury returned a verdict in favor of the plaintiff in the sum of $750.00.

Defendant's motion for a new trial on the ground that witnesses had improperly been allowed to testify "as to the plaintiff's general reputation as a practitioner of criminal law" was overruled and an appeal was duly perfected to this court.

The appellant, H. L. Radue, engaged the services of the appellee, Bill McCullough,

Jr., to act as a special prosecutor in a criminal action against a third party for obtaining property by false pretenses. A demand note made payable to appellee was signed by the appellant on May 13, 1968, as the fee in the case. On the trial of the case, because of a variance between the indictment and the proof, a motion to exclude was granted and a verdict was directed for the defendant.

In the case at bar, a suit on the promissory note, the appellant attempted to set up as a defense a failure or a partial failure of consideration because of negligence in trying the criminal case for which the promissory note was given.

The grounds for appellant's motion for a new trial and his assignments of error are identically worded except for the substitution of a different witness's name. They all read as follows:

"The Court erred in overruling the Defendant's objection to the testimony of [witness's name] as to the Plaintiff's *general reputation* as a practitioner of criminal law." (Emphasis added.)

During the trial of the case Judge Elias C. Watson, Jr., was called to testify and the following questions and answers were given:

"Q: Judge, I'd like to ask for you if you would express your opinion of my competency as a counsel in a criminal case representing a defendant. Tell us anything you want to.

"Mr. Brown: Your Honor, I know what he's going to say.

"Mr. McCullough: I don't.

"Mr. Brown: I don't see the materiality of it in a case of this kind.

"Mr. McCullough: He's questioning my competency as a counsel in a criminal case.

"THE COURT: All right. Overruled. Let him answer.

"Mr. McCullough: All right, Judge.

"A: I would say that you are one of about twenty-five or thirty most active criminal lawyers so far as my contacts are concerned. I would say that you are an extremely competent lawyer."

District Attorney Earl Morgan, Circuit Judge Wallace Gibson, and Attorney Drew Redden gave similar opinions to which objections by appellant were overruled. An opinion by Assistant District Attorney Elliott was admitted without objection.

The assignments of error may be inexact since all of the testimony objected to by appellant called not for a knowledge of the appellee's general reputation but for the witnesses' personal opinion of appellee's *competency* as a criminal lawyer. There is no testimony in the record concerning appellee's *reputation* as a practitioner of criminal law.

However, we will consider the assignments sufficient in this case since we have held that the office of an assignment of error is not to point out legal contentions, but only to inform the court that appellants assigns as erroneous certain named rulings and also since appellant has listed the page of the record on which the ruling he claims is erroneous is found. Madison Limestone Co. v. McDonald, 264 Ala. 291, 87 So.2d 545; Supreme Court Rules, Rule 1.

We are of the opinion that the allowing into evidence over objection of appellant the opinions of several judicial officers of the county and of highly respected and well-known members of the legal profession as to the competence of defendant as a practitioner of criminal law was highly prejudicial. We think such evidence was patently illegal under the issues of the case. Defendant was defending an accusation of negligent performance in a particular instance of his duty and contractual obligation as an attorney. Evidence as to his general ability and competency as a practitioner of criminal law

was clearly inadmissible. Lester v. Gay, 217 Ala. 585, 117 So. 211; Piper v. Halford, 247 Ala. 530, 25 So.2d 264; McElroy's Law of Evidence in Alabama, 2nd Ed. Vol. 1, Section 35.01.

In our original opinion we applied a rule stated in the case of Harvey Ragland Co. v. Newton, 268 Ala. 192, 105 So.2d 110, and cited in Schoen v. Schoen, 271 Ala. 156, 123 So.2d 20. We also quoted from one of our own recent unpublished opinions. Upon reconsideration, we are convinced such rule was misapplied to the instant case.

The rule referred to is that prejudicial error may not be predicated upon the sustaining of objection to admission of evidence which has been admitted without objection or motion to exclude at some other stage of the trial. Such rule is obviously based upon the theory of failure of injury. If the same evidence sought to be admitted, is admitted at some time in the trial, there could be no injury in keeping it out at another time. Without commenting upon the value of the rule, we think it a different matter when illegal evidence is admitted over objection because it may have come in at another stage of the trial without objection.

In the case at hand, one witness was allowed to state his opinion of appellee's general competency without objection. There was objection to the same opinions of several other witnesses. Such objection was overruled. We think since such evidence was illegal the failure to first object does not waive the right or estop one from objecting to the same illegal evidence at another time in the trial.

Justice Bouldin in the case of Lowery v. Jones, 219 Ala. 201, 121 So. 704 said as follows:

"* * * True, similar evidence had been admitted without objection, but failure to object to illegal evidence at one time, does not waive a right to object to like evidence offered later. If these objections had been sustained, the force of the former testimony would probably have been weakened in the minds of the jury. * * *"

This we think is the applicable rule to the instant case. To hold otherwise would allow illegal evidence, once admitted without objection or motion to exclude, to be repeated in spite of objection, time after time without limitation other than the tolerance of the trial judge.

We think the admission of repetitive illegal evidence, over objection, though objection was not offered when first admitted, was highly prejudicial and requires reversal of the judgment of the trial court.

Reversed and remanded.

BRADLEY, Judge (concurring).

I agree with the majority that the opinion evidence in this case which is the subject of this decision was illegal and probably greatly influenced the jury due to the public standing in the community of the witnesses.

And, it is because of the illegality and cumulative effect of this testimony, which was admitted over objection, that I concur in the majority opinion.

The rule enunciated in Lowery v. Jones, supra, sustains this conclusion.

The line of cases headed by Harvey Ragland Co., supra, and Stewart v. Weaver, 264 Ala. 286, 87 So.2d 548, adhere to the rule that prejudicial error cannot be based on the admission of or the refusal to admit evidence which is admitted at some other stage of the proceedings without objection.

These cases, in my opinion, can be distinguished from *Lowery*, supra, and, as a consequence, do not conflict with them. And, *Lowery* is, so far as we can determine, still the prevailing rule in a situation such as we have before us now.

I agree with the decision to reverse the judgment of the trial court.