260 So.2d 390

**Iva Lee SCHULTZ et al.**

**v.**

**Raymond BARBOUR.**

**I Div. 675.**

Supreme Court of Alabama.

March 30, 1972.

Maurice A. Downing, Mobile, for appellant.

No brief from appellee.

LAWSON, Justice.

The appeal is from a decree of the Circuit Court of Mobile County, in Equity.

In his bill Raymond Barbour alleged that the respondents, Iva Lee Schultz and Norwood O. Cain, placed a "strand of bob (sic) wire" across "a dedicated street known as Faith Street" in the "Cecelia Creevy Subdivision" in Mobile County.

Barbour's bill prayed that:

"... the Court will take jurisdiction of the cause and will order a temporary injunction enjoining the Respondents from prohibiting the use of Faith Street as it was used prior to its closure and set the matter down for a hearing on its merits and further prays that the Court will make other and further orders it deems appropriate in this cause."

The bill was presented to the trial judge on March 12, 1970, the day it was filed, or on the following day when the trial judge issued a fiat to the register as follows: "LET TEMPORARY WRIT ISSUE AS PRAYED FOR IN THE COMPLAINT AND UPON COMPLAINANT ENTERING INTO BOND IN THE SUM OF $100.00 CONDITIONED AS PROVIDED BY LAW. BOTH TO BE APPROVED BY YOU."

Barbour executed an injunction bond and on March 13, 1970, the register issued a writ of injunction directed to the respondents enjoining each of them from "PROHIBITING THE USE OF FAITH STREET IN MOBILE COUNTY until the further orders of this Court."

A copy of the bill of complaint, writ of injunction and a subpoena was served on the respondents on March 13, 1970.

On March 20th the trial judge ordered that "the above-styled cause be and hereby is set for hearing on Thursday, March 26th, 1970, . . . ."

An order was entered on March 20, 1970, continuing the hearing until March 30, 1970. On March 30th it was ordered "that the hearing on the Application for Temporary Injunction in the above styled cause be and hereby is specially continued to Friday, April 3rd, 1970, . . . ."

Some testimony was taken on April 3rd but the hearing was recessed and the court ordered "that the application for temporary injunction, filed in this cause, be and hereby is continued, and is hereby reset for hearing on Wednesday, April 15, 1970, . . . ."

Further testimony was taken on April 15th and again the hearing was reset with the court ordering that "a hearing of the application for temporary injunction filed in the above styled cause be further continued and reset for further hearing on Wednesday, April 22, 1970 . . . ."

After the taking of testimony on April 15, 1970, and after both sides had rested, the court ordered "that the hearing of the application for temporary injunction be, and hereby is, continued this day and said application is hereby reset for hearing on Wednesday, April 29th, 1970, . . . ."

The record contains an entry dated April 29, 1970, which bears the caption, "Order of Submission," which entry reads: "This cause coming on to be heard this day, the same is submitted for decree on the pleadings, exhibits, brief to be furnished by Attorney Warren Finch, and on testimony previously heard."

On July 24, 1970, the trial court decreed as follows:

"It is by the Court ORDERED, ADJUDGED AND DECREED that the

temporary injunction be issued and the same be made permanent and that the Respondents Iva Lee Schultz and Norwood O. Cain will forever be restrained from unlawfully closing of the right-of-way known as Faith Street . . . "

The respondents have appealed from the decree of July 24, 1970.

This record shows another instance where the trial court and the parties have apparently misconceived the procedure under §§ 1054 and 1059, Title 7, Code 1940. See Francis v. Scott, 260 Ala. 590, 72 So. 2d 93; Madison Limestone Company v. McDonald, 264 Ala. 291, 87 So.2d 545.

■ Properly speaking, a restraining order is by authority of § 1059, Title 7, Code, after notice is given as authorized by § 1054, Title 7.

■ When an application for a temporary injunction is set down for a hearing, the court can make a restraining order to maintain the status until the application is heard on the appointed day, but no writ should issue until the hearing. At that time, the restraining order will have served its purpose and the question then is whether a temporary injunction should issue and continue in effect until the further orders of the court. Francis v. Scott, *supra*; Madison Limestone Co. v. McDonald, *supra*.

The fiat or order of March 13, 1970, directed the register to issue an injunction upon complainant entering into bond. An injunction was issued and at the time of its issuance no date for a hearing had been set. So up to this point it appears that the trial judge had not made a restraining order to maintain the status.

But a week later the trial judge set "the above-styled cause" for hearing and, as shown above, several subsequent orders of continuance referred to a hearing on complainant's application for temporary injunction.

So we think it reasonable to assume that the trial court in its fiat of March 13, 1970, actually intended to make a restraining order as authorized under § 1059, Title 7, Code, and to consider the writ issued on that day by the register under the court's direction to have had the effect of a restraining order, although a bond was required of complainant.

Furthermore, we deem it reasonable to assume that respondents did not consider that the writ which issued on March 13, 1970, was to operate as a temporary injunction rather than as a restraining order. They did not file a motion to dissolve or to discharge, but participated in at least three separate hearings on complainant's application for a temporary injunction.

After those hearings were completed, the trial court on July 24, 1970, ordered the issuance of a temporary injunction which he decreed should "be made permanent."

If the writ which was issued on March 13, 1970, had been treated as a temporary writ of injunction, then there would have been no cause to order the issuance of a temporary injunction.

■ We treat the writ which was issued on March 13, 1970, as having operated as a temporary restraining order which spent its force when the trial court in its decree of July 24, 1970, ordered the issuance of a temporary writ of injunction. Francis v. Scott, *supra*; Madison Limestone Co. v. McDonald, *supra*.

■ As shown above, the trial court, following the hearings on complainant's application for temporary injunction, granted a permanent as well as a temporary injunction.

The granting of a permanent injunction on an application for temporary injunction, as was the case here, was held to be reversible error in Methvin v. Haynes, 254 Ala. 58, 46 So.2d 815, and in Persons v. Summers, 274 Ala. 673, 151 So.2d 210.

Under the cases last cited, the decree of the trial court is reversed in so far as it purports to make permanent the temporary writ of injunction.

We are not disposed on this appeal to reverse the decree of the trial court to the extent that it orders the issuance of a temporary injunction. In that respect the cause is remanded for further appropriate proceedings.

Reversed in part and in part remanded.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.