WRIGHT, Presiding Judge.
This is an appeal from the provisions for alimony, support, attorney fees and division of property in a divorce decree. We affirm.
After seventeen years of a marriage producing five children, the parties were divorced upon the petition of the wife. The wife was awarded title to the home and the furnishings. She was awarded custody of the five children and $2,500 per month as alimony and support. From this award she must provide for housing and support, including private school tuition and the monthly payments of $463 on the mortgage on the home. The husband was awarded title to an apartment building and various personal property including a Mercedes automobile.
The evidence disclosed that the husband is a practicing psychiatrist in Mobile. His practice has grossed from $90,000 to $100,-000 per year for several years. His net income approximates $70,000 per year. Dr. Cranton has not managed his finances very well and is heavily in debt, largely on unsecured notes at several banks.
The home is a spacious five-bedroom house of a market value of $109,000 to $134,000. The mortgage on the home has a balance of over $50,000 due in monthly payments of $463. There is a second mortgage on the home of some $12,000. That mortgage represents the cost of construction of a swimming pool. There is litigation pending regarding alleged faulty construction of the pool. Dr. Cranton was directed by the decree to make the payments on the second mortgage.
Dr. Cranton charges that the trial court abused its discretion in the award of alimony and support, the granting of attorney fees in the amount of $7,500 and in the award to the wife of title to the home.
In examining the award of alimony and support, it clearly appears that there is ample evidence of need and ability to pay to add support to the presumption of correctness with which we are bound to view the judgment of the trial court on appeal. Under such state of the record we are not at liberty to find an abuse of discretion. Chancellor v. Chancellor, 52 Ala.App. 10, 288 So.2d 794 (1974); Walker v. Walker, 56 Ala.App. 98, 319 So.2d 718 (1975). We recognize that Dr. Cranton has a substantial indebtedness to liquidate. However, such indebtedness is a secondary consideration when compared to the obligation to support his wife and five children in relation to his income and the manner to which they have become accustomed. Watson v. Watson, 45 Ala.App. 306, 229 So.2d 807 (1969); Ortman v. Ortman, 203 Ala. 167, 82 So. 417 (1919).
The complaint that the court was too generous in its division of the real property is subject to the same rules of review as we have just applied to the award of alimony and support. It is true that the equity in the home constitutes the primary estate of the marriage. However, the home was designed and built by the parents as the place of residence for their children. It is fitted to the needs of the family. It is to be considered that there is placed upon the mother the necessity of using the ordered alimony and support to meet the future monthly mortgage payments so that she and the children may continue to occupy and enjoy the home. The husband is building a retirement estate with contributions of $7,500 per year from his gross income. That fund already amounts to $22,500. The wife will have little opportunity of building a retirement fund or an estate unless it is derived from the present marital estate. A palpable abuse of the discretion of the trial court is not disclosed by the evidence. Con- *999 well v. Conwell, 56 Ala.App. 188, 320 So.2d 694 (1975); Hallman v. Hallman, 51 Ala.App. 460, 286 So.2d 863 (1973).
Though the payment of the adjudged attorney fee may seem high when viewed in light of the present ability of defendant to meet his debts, we are unable to find a clear abuse of discretion. Burgess v. Burgess, 54 Ala.App. 396, 309 So.2d 107, cert. den. 293 Ala. 748, 309 So.2d 111 (1975).
The issue of whether the trial court erred in denying the motion to dismiss the ground of adultery is not well taken. We consider there was sufficient evidence in the record to support a finding of adultery by defendant. However, the court did not grant a divorce on a specific ground. If any statutory ground for divorce was charged in the complaint and supported by legal evidence, it was harmless error to refuse to dismiss a charged ground though not proved, if the divorce was granted without stating the ground. Blackwell v. Blackwell, 340 So.2d 448 (Ala.Civ.App.1976).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.