HOLMES, Judge.
This is a divorce case.
After an ore terms hearing, the trial court divorced the parties. The wife was awarded custody of the parties’ minor children aged five and two. Additionally, the wife was given the house and the husband was required to make the house payments and to pay the insurance premiums thereon. The husband was also required to pay all reasonable medical expenses for the children. The parties’ automobile was awarded to the wife. The trial court also required the husband to pay $60 per week as apparent support for the wife and children.
The husband appeals. The dispositive issue on appeal is whether the trial court abused its discretion in the support award and the division of property. We find no such abuse and affirm.
We deem it neither necessary nor prudent to set out in detail the facts of this appeal. Suffice it to say the husband is an art instructor employed by a state junior college. His gross salary exceeds $14,000 per year. He has in the past earned additional income of approximately $900 per year from picture framing. The husband can also teach during the summer term and earn in excess of $4,000.
The house payment the husband is required to pay is $160 per month. The utilities and insurance total approximately $130 per month. The car payment totals $120 per month. In addition, the husband must make support payments totaling approximately $240 per month.
Viewing the record with the attendant presumption of correctness, there is evidence that the husband’s living expenses are a little over $320 per month.
The award in the instant appeal is a liberal one to the wife and children. The husband is required at this time to pay approximately $8,000 per year on potential gross earnings of $19,000. This court is not prepared to say such an award amounts to such an abuse of discretion as to require reversal. See Barefield v. Barefield, Ala. Civ.App., 357 So.2d 999 (1978); Watson v. Watson, 45 Ala.App. 306, 229 So.2d 807 (1969).
The wife has requested an attorney’s fee for representation on appeal. A fee of $500 is awarded.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.