# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

EQUITABLE LIFE ASSURANCE SOCIETY V. WILSON.

January 13, 1910.

Absent, Buchanan, J.

1. EQUITY PLEADING—*Dismissal of Bill—Effect on Cross-Bill.*—Dismissal of an original bill does not necessarily carry with it the cross-bill. If the cross-bill is defensive merely, dismissal of the original bill dismisses the cross-bill, but where the plaintiff in the cross-bill has equities arising out of the subject matter of the original bill which entitle him to affirmative relief of which he would be deprived by the dismissal of his bill, a court of equity will treat the cross-bill as in the nature of an original bill and retain it, and grant the relief to which the plaintiff may be entitled. To do otherwise would manifestly sacrifice substance to form.

2. INSURANCE—*Restrictive Provisions of Policy—Size of Type.*—Under the terms of the statute (Code, sec. 3252) an insurance company cannot defeat recovery on a policy by reliance upon conditions or restrictive provisions thereof not printed in type of the size required by the statute, nor written with pen and ink in or on the policy.

3. INSURANCE—*Forfeiture—Restrictive Provisions of Policy—Size of Type—Inequitable Claim of Assured.*—Where an insurance company is seeking to escape liability for the surrender value of its policy on the ground that the policy was not surrendered within the time prescribed by a provision of the policy, it is not inequitable for the beneficiary, while claiming the surrender value under that same provision, to insist that the time limit fixed by the provision shall be excluded because not printed in type of the required size nor written with pen and ink in or on the policy. This is not a violation of the maxim that "he who seeks equity, must do equity."

Appeal from a decree of the Corporation Court of the city of Newport News. Decree for complainant in cross-bill. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Wm. W. Old & Son,* for the appellant.

*C. C. Berkeley* and *C. C. Mitchell,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

This appeal is from a decree of the Corporation Court of the city of Newport News, establishing the right of Mollie B. Wilson, widow of John M. Wilson, deceased, to the surrender value of a policy of insurance on the life of her late husband, and decreeing payment thereof by the appellant.

On June 28, 1895, the appellant issued a twenty-year tontine life assurance policy for $1,000 to Wilson, who designated his wife as the beneficiary. The assured paid ten annual premiums of $34.10 each on the policy, but failed to pay the premium which fell due on June 27, 1905, and died on November 21, 1906. Though the policy lapsed for non-payment of the premium, nevertheless the list of privileges and conditions indorsed thereon contains the following provision: "If after having been in force for three years it should lapse in consequence of non-payment of any premium, it will have a surrender value in paid-up assurance for as many twentieths of the original policy as complete annual premiums shall have been paid, providing this policy be surrendered within six months after the date of such lapse.

Wilson's administrator filed a bill in equity against the appellant, its superintendent and the widow of the decedent, asserting claim to the surrender value of the policy, and praying that the superintendent be required to disclose the amount for which a paid-up policy should have been issued, and that Mrs. Wilson, the rival claimant, be enjoined from prosecuting any action or suit against the society for the surrender value of the same, but that the amount due be decreed to the plaintiff. Mrs.

Wilson, in her answer to the bill, which she prays may be treated as a cross-bill, impleads the plaintiff in the original bill and her codefendants, and asserts title to the surrender value of the policy. The trial court dismissed the original bill on demurrer, but adjudged that such dismission should not affect the right of Mrs. Wilson to maintain and prosecute her cross-bill; and at final hearing passed, in her behalf, the decree now under review.

The appellant seeks a reversal of the decree on three grounds. The first error assigned is to the court's ruling that the dismissal of the original bill did not operate a dismissal of the cross-bill.

Such is unquestionably the correct rule, wherever the relief sought in the cross-bill is defensive merely, and would be satisfied by the dismissal of the original bill. But the rule is otherwise where the plaintiff in the cross-bill has equities arising out of the subject matter of the original suit, which entitle him to affirmative relief, of which relief he would be deprived by the application of the general rule. In such case a court of equity will not suffer its jurisdiction to be ousted by a too rigid adherence to an artificial rule of practice, but will treat the cross-bill as in the nature of an original bill and retain it, granting the relief to which the plaintiff may be entitled. To do otherwise would manifestly sacrifice substance to form.

The case of *Ragland* v. *Broadnax,* 29 Gratt. 401, aptly illustrates the foregoing principle.

In 2 Barb. Chy. Pr., p. 129, it is said: "The connection of the matter of a cross-bill, be it *per se* legal or equitable, with the subject matter of the original bill, gives the court jurisdiction of the cross-bill, of which it cannot be ousted by a dismission of the original bill."

The rule is thus stated in 16 Cyc. 468: "Dismissal of the original bill does not necessarily carry with it the cross-bill. If the cross-bill is defensive merely, dismissal of the original dismisses the cross-bill, but if the cross-bill sets up new facts and

prays for affirmative relief against the plaintiffs in the original, the cross-bill remains for disposition." See also 5 Enc. Pl. & Pr., 663.

The second assignment of error denies the right of Mrs. Wilson to recover, because neither the assured nor she, in his lifetime, made demand for a paid-up policy, with the surrender of the original policy, within six months after the lapse of the original policy.

The provision of Va. Code, 1904, sec. 3252, affords a conclusive answer to this assignment. The section declares, that "In any action against an insurance company or other insurer . . . no failure to perform any condition of the policy, nor violation of any restrictive provision thereof, shall be a valid defense to such action, unless it appears that such condition or restrictive provision is printed in type as large as or larger than that commonly known as long primer type, or is written with pen and ink in or on the policy."

The condition or restrictive provision relied on in this instance is not printed in type of the required size, nor is it written with pen and ink; and, consequently, by the terms of the statute, it cannot be relied on to defeat the recovery. *Burruss v. Nat. Life Ass'n,* 96 Va. 543, 32 S. E. 49; *Nat. Life Ass'n v. Berkeley,* 97 Va. 571, 34 S. E. 469; *Cline v. Western Assurance Co.,* 101 Va. 496, 44 S. E. 700.

In the third and last assignment the appellant invokes the maxim, that "He who seeks equity must do equity."

It would be, indeed, a strange perversion of a maxim, the fundamental purpose of which is to promote justice, so to apply it in this case as to deprive Mrs. Wilson of the benefits of a remedial statute, and enable the appellant, by enforcing a forfeiture, to escape liability upon a contract of the highest dignity.

The decree is plainly right and must be affirmed.

*Affirmed.*