# Bell *v.* McLaughlin.

## *Bill to Quiet Title.*

(Decided June 3, 1913.  62 South. 798.)

1. *Equity; Pleading; Cross Bill.*—Cross bills may be divided into two classes; first, those which are merely defensive, including those alleging facts merely to aid in the complete determination of the matter in controversy; and second, those praying for affirmative relief against a complainant, or a co-defendant, or other necessary parties.

2. *Same; Dismissal of Bill; Effect on Cross Bill.*—While the general rule is that the dismissal of a bill carries the cross bill with it, if the cross bill shows ground for equitable relief arising out of the subject matter of the original bill which will sustain the court's jurisdiction independent of the original bill, the dismissal of the original bill will not carry the cross bill with it.

3. *Same; Cross Bill.*—A cross bill has some of the characteristics of a separate suit, and yet it is not a distinct suit, since such cross complainant may be eliminated as a defendant by amending the original bill, and because of the provisions of section 3118, Code 1907, obviating the necessity of issuing summons to a party complainant in the original bill.

4. *Same; Removal of Cloud; Waiver.*—Although it would have been a good ground of demurrer, the failure to demur to a cross bill to remove a cloud upon title because of the allegation that the instrument creating the cloud was void on its face, was a waiver of that objection to the cross bill.

5. *Same; Dismissal; Cross Bill.*—Although the original bill was bad for want of a jurisdictional allegation, its dismissal did not carry the cross bill to cancel an instrument as a cloud upon title where the cross bill was sufficient to sustain the court's jurisdiction.

6. *Quieting Title; Cloud; Void Instrument.*—An instrument void on its face cannot create a cloud upon title.

[Bell v. McLaughlin.]

APPEAL from Jefferson Circuit Court.

Heard before Hon. John C. PUGH.

Bill by Stephen Bell against George McLaughlin to quiet title. Cross bill by respondent for like purposes. From a decree in favor of cross complainant, original complainant appeals. Affirmed.

ALLEN & BELL, for appellant. When by law a court is authorized to exercise a special jurisdiction that jurisdiction must be exercised in strict compliance with the statute giving the authority, else the attempted proceedings will be void.—11 Cyc. 728 Note 28; *Mattox v. Gato Cigar Co.*, 39 South. 777; *Garlick v. Dunn*, 42 Ala. 151; *Walker v. State*, 39 South. 242; *Winn v. Mc-Craney*, 46 South. 854. The Circuit Court of Jefferson county has no power to make any orders in a chancery case unless taken within certain days previously designated by the court as being the time at which chancery cases will be heard by the Court. Weakley's Act. Jeff. Co. p. 609. An order of a judge fixing a term of Court must affirmatively appear in the record. 11 Cyc. 727, note 17; *Atkinson v. State*, 25 South. 624; *Ex parte Hooker*, 49 Cal. 465; *Stevens v. Ross*, 1 Cal. 94; *Piggott v. Ransdell*, 2 Ill. 145; *Farr v. State*, 135 Ala. 71. Unless a cross-bill is in its nature defensive and germane to the issues raised by the original bill it will not support a decree. *Continental Co. v. Webb*, 54 Ala. 688; *Gambrill v. Patton*, 70 Ala. 626; *Tutwiler v. Dunlap*, 71 Ala. 126. If an original bill be without equity a cross bill to the same will not support a decree. *Continental Co. v. Webb*, 54 Ala. 688. If an original bill drawn under section 5443 of the Code of 1907 failed to allege that there is "no pending suit," then the bill is without equity. Code Sec. 5443; *Parker v. Boutwell*, 119 Ala. 297; *Bollen v. Allen*, 150 Ala. 201. Where the

instrument, if ineffective at all, is ineffective on the face of it, then it cannot be removed as a cloud on title. *Patterson v. Simpson,* 147 Ala. 550; *Green v. Boaz,* 157 Ala. 68; *Parker v. Miller,* 157 Ala. 282; *Pixley v. Huggins,* 15 Cal. 127-133; *Rea v. Longstreet,* 54 Ala. 291-294; *Lytle v. Sandefur,* 9 South. 260-261, 93 Ala. 396. Counsel also cite *Martin v. Martin,* 173 Ala. 106; *Goodwater C. Co.,* 137 Ala. 621.

STERLING A. WOOD, and CLEMENT R. WOOD, for appellee. It is not necessary to issue a summons to a complainant in the original bill made a defendant in the cross-bill.—Sec. 3118, Code 1907. The cross-bill contained independent equity for relief.—*Kinney v. Steiner,* 52 South. 593.

McCLELLAN, J.—The original bill, filed October 25, 1909, by Stephen Bell against George McLaughlin, was designed to invoke only the statutory system provided to compel the determination of claims to real estate. Code, §§ 5443-5448.

McLaughlin constituted his answer a cross bill; and therein sought to invoke the general jurisdiction of equity to cancel and remove as cloud upon his title a certain paper, of date February 19, 1869, purporting to be a deed from Peyton King to Stephen Bell. This cross-bill also expressed the purpose to invoke the statutory system for the determination of claims to real estate, and thereby to have cross-complainant's title quieted as against any right, title, or claim of original complainant, Stephen Bell. Neither the original bill nor the cross-bill carried the averment that there was no suit pending to enforce or test the validity of the title, claim, or incumbrance claimed or reputed to be claimed by the respondent or cross-respondent, respect-

ively, to or upon the plot of land in question. The decree concluded against original complainant and in favor of cross-complainant, pronounced title to the land to be in him, and proceeded to effect the cancellation of the paper of February 19, 1869.

Generally speaking, cross-bills are divisible into two classes: those which are simply defensive of the case made by the original bill, including in this category such pleading when employed to introduce facts in aid only of a complete determination of the matter already in litigation—a pleading possessing no distinct individuality and upon which no distinct relief can be granted; and those which set up additional facts relating to the subject-matter of the original bill—but which are not averred in the original bill—and prays for affirmative relief against the complainant or complainants, or against a codefendant or codefendants, or against any others who, though not parties to the original bill, are necessary parties to the cross-bill. Sims' Chancery Pr. p. 421 et seq.; *Wilkinson v. Roper*, 74 Ala., 140, 145, 146; Story's Eq. Pl. notes on pp. 373, 386, 387, 9 South. 423; *Continental Ins. Co. v. Webb*, 54 Ala. 688; *Ex parte Jones*, 133 Ala. 212, 214, 32 South. 643; 5 Ency. Pl. & Pr. p. 648 et seq.; *Coster v. Georgia Bank*, 24 Ala. 37; *Paulling v. Creagh*, 63 Ala. 398.

The general rule is that upon the dismissal of an original bill a defendant's cross-bill falls with it. But "where the cross-bill shows grounds for equitable relief for matters growing out of the subject-matter of the original bill *which may uphold the jurisdiction of the court independent of the original bill*," the dismissal of the original bill will not carry with it such a cross-bill. *Etowah Mining Co. v. Will Valley Mining Co.*, 121 Ala. 672, 674, 25 South. 720. The italicized lang-

uage unmistakably concludes to the point that the jurisdiction of the court to which such a cross-bill is exhibited may be invoked and supported by a cross-bill containing the independent equity there prescribed present in the original bill. Such is the doctrine accepted by the Arkansas and Tennessee courts—the former's leading and quite instructive case being *Cockrell v. Warner,* 14 Ark. 345, 354-358. See, also 5 Ency. Pl. & Pr. pp. 657, 658. The chief idea, dominant in the minds of the Arkansas court, was that cross-bills were a part of the judicial process in one cause; being an auxiliary method. Such appears to have been the acceptance, in premise, leading to the expression quoted above from 121 Ala.

While a cross-bill has characteristics of, and is subject to, rules of law and procedure applicable to a separate suit, it is not a distinct action; for, among other reasons, the cross-complainant may be eliminated as a party defendant as the result of amendment of the original bill by the original complainant, and the provision of the statute (Code, § 3118) obviating the necessity, if it were a distinct action, to issue summons to a defendant who *was* a complainant in the original bill.

The cross-respondent did not plead to the cross-bill in any form. Decree pro confesso was entered against him; and the submission for decree included that confession of the facts well pleaded.

It is suggested that the omission to aver in the original bill, with the like omission in the cross-bill, that there was no suit pending to test the claim, etc., of the respective parties was the omission of jurisdictional averment in a tribunal of special limited powers in the premises. See *Martin v. Martin,* 173 Ala. 106, 55 South. 632. We do not find it necessary to decide that question, as it relates to either the original or the cross-bill. Assuming, for the occasion only, that the stated

contention is generally sound, our conclusion is that the cross-bill, defective as it is in the particular we shall later indicate, was sufficient.and effectual to invoke the *general jurisdiction* of equity to cancel and remove a cloud from the averred title of cross-complainant. Having thus obtained this jurisdiction, it was competent for the court; under such decree pro confesso suffered by cross-respondent, to pronounce in affirmation of the cross-complainant's prayer that cross-respondent was without title or right to the land; no objection by demurrer or otherwise having been taken to the cross-bill before the rendition of the final decree. *Penny v. B. & A. Mort. Co.,* 132 Ala. 357, 366, et seq., 31 South. 96. The defect in the phase of the bill, whereby the removal of cloud from title was the relief sought, lay in the fact that the bill affirmatively averred the entire invalidity of the alleged cloud because it did not describe any area of land whatsoever—in the averred fact that the alleged cloud was void on its face.

An instrument, void on its face, is incapable of creating a cloud on title. *Rea v. Longstreet,* 54 Ala. 291, 295; *Parker v. Boutwell,* 119 Ala. 297, 302, 24 South. 860. The failure of the cross-respondent to demur to the cross-bill on that account was a waiver of the objection. *Penny v. B. & A. Mort. Co., supra.* So, while on seasonable objection the cross-bill must have been held to be without equity, yet it awakened the general jurisdiction of equity to the end the cross-bill prayed. And in consequence, even if the original bill was wholly unavailing because of the omission of the (assumed for the occasion) jurisdictional averment of *no suit pending,* the independent equity afforded by the cross-bill served to support the jurisdiction of the court in the premises.—Author. supra.

There are two features to the decree. One pronounced void and canceled the instrument of February 19, 1869, as a cloud on cross-complainant's title.  The instrument being void upon its face, that pronouncement and the effectuation thereof was a work of supererogation. The other feature of the decree conformed to the confessed well-pleaded facts wherefrom the right and title of cross-complainant to the land was shown by the cross-bill. No prejudicial error appearing, the decree is affirmed.

Affirmed.  All the Justices concur, except DOWDELL, C. J., not sitting.