100 So.2d 11

Evelyn MATHISON

v.

G. B. MATHISON.

4 Div. 942.

Supreme Court of Alabama.

Jan. 23, 1958.

· H. K. & J. F. Martin, Dothan, for appellant.

Halstead & Whiddon, Headland, for appellee.

## PER CURIAM.

This is an appeal by the cross respondent from a decree overruling her demurrer to the cross bill. The original bill of complaint was filed October 6, 1956 and sought a decree for her separate maintenance without a divorce.

The parties were married on the 22d of February 1920 and separated on or about the 14th of June 1956, according to the allegations of the bill. On December 5, 1956 the respondent filed an answer to the original bill. On June 29, 1957 he amended his answer and made it a cross bill. Both the original and cross bills allege that the complainant and respondent separated on or about June 14, 1956. The cross bill alleges that on that day complainant voluntarily abandoned respondent and that said separation has continued to the date of the filing of the cross bill. It therefore appears that the alleged abandonment occurred approximately six months before the answer was filed—from June 14, 1956 to December 5, 1956. The cross bill was filed June 29, 1957 which is a few days more than one year after the separation occurred.

The demurrer raises the question of the effect of the failure of the cross bill to allege a voluntary abandonment for one year next preceding the filing of the original bill, relying on section 20, as amended, Title 34, pocket part, Code.

It appears from the foregoing that the alleged separation occurred more than one

year before the cross bill was filed and a few days less than four months before the original bill was filed. Appellant does not contend that a cross bill properly set up is not available in response to an original bill such as here involved. Bickley v. Bickley, 136 Ala. 548, 34 So. 946. But appellant's insistence is that the ground for divorce set up in the cross bill must have occurred before the original bill was filed, and that events occurring after the original bill was filed, but before the cross bill was filed, cannot be the sole support of the cross bill.

■ Appellant seeks to invoke the principle that an original bill cannot be dependent upon facts which occur after it is filed. In other words, that the right must be predicated upon facts existing when the bill is filed and not dependent for essential features upon facts which have occurred thereafter. The principle is well supported by a long line of our cases. Hill v. Hill, 10 Ala. 527; Land v. Cowan, 19 Ala. 297; Donaldson's Adm'r v. Waters' Adm'r, 30 Ala. 175(2); Vaughan v. Vaughan's Heirs, 30 Ala. 329(4); Planters' & Merchants' Mutual Ins. Co. v. Selma Savings Bank, 63 Ala. 585(5); McCrary v. Chase, 71 Ala. 540; Scheerer v. Agee, 113 Ala. 383, 21 So. 81; Harper v. Raisin Fertilizer Co., 158 Ala. 329, 48 So. 589.

■ In 21 Corpus Juris page 511, it is said: "While a cross bill may set up new matter arising subsequently, still such new matter must constitute part of the same defense or relate to the same subject matter". See also 30 C.J.S. Equity § 384. This is aptly supported by two Florida cases. Special Tax School District, etc., v. Smith, 61 Fla. 782, 54 So. 376; Ledwith v. City of Jacksonville, 32 Fla. 1, 13 So. 454. Cf., Rudicell v. Rudicell, 262 Ala. 41, 77 So.2d 339.

The relief sought to be obtained by the cross bill here under consideration can stand alone although relief may be denied on the original bill, or, more specifically, if the original bill is dismissed on motion of complainant. Wilkinson v. Roper, 74 Ala. 140; Faulk & Co. v. Hobbie Grocery Co., 178 Ala. 254, 59 So. 450; Bell v. McLaughlin, 183 Ala. 548, 62 So. 798; Maryland Casualty Co. v. Holmes, 230 Ala. 332, 160 So. 768. Those theories have not been restricted by subsequent act or rule.

■ As pointed out in Bell v. McLaughlin, supra, a cross bill may be (1) simply defensive, or (2) may set up additional facts relating to the subject matter of the original bill, and pray for affirmative relief. While as a rule the dismissal of an original bill carries with it the cross bill, that is not true where the cross bill alleges facts which show a right to equitable relief and prays for it.

We observe that the cross bill here under consideration is of the latter class. It contains all the required allegations of an original bill seeking equitable relief. Such a cross bill would withstand a dismissal of the original bill.

We agree with the trial court that the cross bill seeking independent equitable relief against the original complainant, i. e., a divorce on statutory grounds connected with or growing out of the original bill may be based on facts which may have occurred after the original bill was filed, but before the cross bill was filed. Therefore, the demurrer to the cross bill attacking it for that reason was properly overruled, and the decree should be affirmed.

### On Petition for Solicitor's Fee.

■ This cause was submitted in this Court on December 19, 1957. Appellant petitioned the Court on December 28, 1957 for the allowance of solicitor's fee for services rendered in this Court upon said appeal. The submission of the cause on the merits of the appeal does not affect the power of this Court nor that of the trial court to give consideration to such a pe-

**104**

tition. Ex parte Taylor, 251 Ala. 387, 37 So.2d 656; Walling v. Walling, 253 Ala. 337, 45 So.2d 6. We have therefore considered it along with the merits of the appeal.

It is shown in the above cited cases that an allowance for a solicitor's fee is a feature of the right to temporary maintenance. When the suit has progressed to where temporary maintenance is not an issue a solicitor's fee will not be allowed. Ex parte Taylor, supra. Temporary alimony and a solicitor's fee were allowed in the trial court and there is no controversy as to such allowance. As section 30, Title 34, Code, now appears an allowance of temporary maintenance and solicitor's fee pending a suit for divorce is not mandatory, but is now discretionary.

By reason of the cross bill, this is now a suit pending for divorce under the influence of section 30, Title 34. No provision has been made in the trial court for a solicitor's fee to prosecute this appeal to test the sufficiency of the cross bill. Appellant is contesting the suit for divorce by the prosecution of this appeal, which she has a right to do. We think the circumstances justify the allowance of a reasonable amount for her counsel for services rendered in this Court. We fix that amount at $50—one-half the allowance in the trial court which was $100. Walling v. Walling, supra.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed on the main appeal. Petition for solicitor's fee granted.

LAWSON, SIMPSON, GOODWYN and MERRILL, JJ., concur.