v.

Ann Marie Burns ERWIN.

8 Div. 993.

Supreme Court of Alabama.

Oct. 8, 1959.

Joseph C. WARD

v.

Henry M. BLACKWELL.

3 Div. 862.

Supreme Court of Alabama.

Oct. 8, 1959.

Edw. J. Azar, Azar & Campbell, Montgomery, for appellant.

Wm. A. Oldacre, Hill, Hill, Stovall & Carter, Montgomery, for appellee.

LAWSON, Justice.

Henry M. Blackwell filed a bill in the Circuit Court of Montgomery County, in Equity, against Wiley R. Cannon and Joseph C. Ward wherein he prayed that the respondents be enjoined from closing, blocking or obstructing a driveway.

The respondents having failed to demur, plead to or answer the bill within thirty days after personal service was had upon them, the complainant requested and obtained a decree pro confesso on August 4, 1958. Final decree was entered on August 6, 1958.

On September 4, 1958, the respondent Ward filed an application for rehearing of the decree of August 6, 1958.

On November 24, 1958, the court modified the decree of August 6, 1958, in certain respects.

On November 26, 1958, Ward filed an application for rehearing of the decree of November 24, 1958. On December 24, 1958, the court entered an order modifying the decree of November 24, 1958.

Ward took an appeal to this court on January 30, 1959, from the decrees of August 6, 1958; November 24, 1958; and December 24, 1958.

Certificate of appeal was filed here on February 3, 1959. The transcript of the record was filed here on March 27, 1959.

On May 13, 1959, we granted Blackwell's petition for writ of certiorari and directed the Register of the Circuit Court of Montgomery County, in Equity, to certify to this court a copy of a motion filed by Blackwell in the court below on December 29, 1958, and a copy of the court's decree entered on that motion.

The return to the writ of certiorari filed here on May 23, 1959, shows that on December 29, 1958, Blackwell filed the following motion:

"Comes now Henry M. Blackwell and respectfully moves this Honorable Court to dissolve the injunction heretofore granted in said cause and as grounds avers to the Court as follows:

"1. For that the Respondents, Wiley Cannon and Joseph Ward, have removed themselves from the premises and have ceased to block and obstruct said way.

"2. For that the issues raised by said injunction have become and are now moot.

"3. For that the complainant has no further need for an injunction to protect his rights against said respondents in that the respondents have removed themselves from the premises and the protection sought by said injunction is no longer needed, the issues between the parties having become moot."

On January 8, 1959, the court entered the following decree:

"The Complainant's motion to dissolve the injunction heretofore granted in this cause being duly made and presented to the Court, it is the considered opinion of the Court that the motion is well taken, and it is

"Ordered, adjudged and decreed that the motion should be and the same is hereby granted and the injunction is, as to these respondents, hereby dissolved."

Submission here was had on May 26, 1959, on appellee's motion to dismiss the appeal and on the merits.

■ The jurisdiction of the court to enter the decree of January 8, 1959, is not questioned. That decree was entered well within thirty days from the date on which the court entered the second modifying decree. During that thirty-day period the

cause was within the breast of the court, with full power to vacate the decree on application or *ex mero motu*. Ex parte Favors, 225 Ala. 675, 145 So. 146; Equity Rule 65, Code 1940, Tit. 7 Appendix.

Complainant Blackwell sought only injunctive relief against the respondents. Hence the decree of January 8, 1959, entered on Blackwell's motion operates as a vacation of the decrees previously entered in the cause. All that is said in the previous decrees concerning the location of the driveway and the right to its use is rendered of no force and effect. Since the decrees of August 6, 1958, November 24, 1958, and December 24, 1958, were in effect vacated by the decree of January 8, 1959, they will not support an appeal. Hence the appellee's motion to dismiss the appeal is well taken and must be granted.

Although the appeal must be dismissed, we are of the opinion that the costs of the appeal should be divided equally between the appellant and appellee.

Appeal dismissed.

SIMPSON, STAKELY and MERRILL, JJ., concur.