120 So.2d 568

**Cora Lee JACKSON**

v.

**Clay JACKSON.**

5 Div. 722.

Supreme Court of Alabama.

March 17, 1960.

Rehearing Denied May 26, 1960.

Harry D. Raymon, Tuskegee, for appellant.

W. C. Hare, Tuskegee, for appellee.

STAKELY, Justice.

This cause was begun by an original bill of complaint filed by Cora Lee Jackson in the equity court for separate maintenance and support for herself and a minor child, based on the ground that the respondent Clay Jackson had abandoned them on January 4, 1958. The bill of complaint was filed on March 26, 1958.

The respondent Clay Jackson filed an answer and cross bill on July 25, 1958, asking for a divorce on the ground of cruelty and also on the ground of voluntary abandonment in January, 1958. The cross respondent filed an answer to the cross bill.

Testimony was taken orally before the court and the court rendered a decree denying relief to the complainant under the original bill and granting a decree to the cross complainant, giving him a divorce on the ground of voluntary abandonment for more than one year next preceding the filing of the original bill of complaint. The court further ordered that the cross respondent have custody and control of the minor child and required the cross complainant to pay the sum of $10 per week for the support of the child and ordered the complainant Cora Lee Jackson to pay the court costs. The complainant and cross respondent has brought this appeal from the decree rendered by the court.

The hearing before the court took place on June 26, 1959. The evidence given by the complainant was to the effect that she and the respondent was married on September 8, 1945, and lived together as husband and wife until January 4, 1958, at which time the respondent separated from her. There was some testimony tending to corroborate the testimony of the complainant.

The respondent then testified to the disagreements that occurred during the period they lived together. His testimony tended to show that the complainant forced him from his home, that she was cruel to him and constantly nagged him and threatened to kill him on several occasions and that he left his home because she told him to go and not to come back and that he was afraid of her due to her repeated threats to his life and person.

The trial of this cause in the lower court was about one year and seven months after the date of the alleged separation and one year and five months after the filing of the original bill of complaint.

As we have stated, the court granted the decree of divorce upon the ground of voluntary abandonment. A decree of divorce may be granted "for voluntary abandonment from bed and board for one year next preceding the filing of the bill." § 20, Title 34, Code of 1940.

It is argued by the appellant that a cross bill must be predicated upon facts existing when the cross bill is filed and not dependent for its essential feature upon facts which have occurred thereafter.

We consider this to be a correct position under the law. In Mathison v. Mathison, 267 Ala. 101, 100 So.2d 11, 13, the cross bill was filed more than one year after the separation occurred. This court held that relief sought to be obtained by the cross bill can stand alone although relief may be denied upon the original bill or more specifically if the original bill is dismissed on motion of the complainant. It was further said that a cross bill may be (1) simply defensive or (2) may set up additional facts relating to the subject matter of the original bill and pray for affirmative relief. It is further stated that while as a rule the dismissal of an original bill carries with it the cross bill, that is not true where the cross bill alleges facts which show a right to equitable relief and prays for it. This court further said:

"We agree with the trial court that the cross bill seeking independent equitable relief against the original complainant, i. e., a divorce on statutory grounds connected with or growing out of the original bill may be based on facts which may have occurred after the original bill was filed, but before the cross bill was filed. Therefore, the demurrer to the cross bill attacking it for that reason was properly overruled, and the decree should be affirmed."

It seems clear to us that for a divorce to be granted on a cross bill for voluntary

abandonment there must be a voluntary abandonment for one year next preceding the filing of the cross bill. In the case at bar tendencies of the evidence show that the complainant forced the respondent to leave his home on January 4, 1958, and yet the cross bill for divorce was filed on July 25, 1958. It is, therefore, obvious that there was no abandonment of Clay Jackson by Cora Lee Jackson for more than one year next preceding the filing of the cross bill. The court made no mention of cruelty as being a ground for granting a divorce to the cross complainant.

We think that under the circumstances the court had no right to grant a divorce to the cross complainant on the ground of voluntary abandonment because the voluntary abandonment had not been for more than one year next preceding the filing of the cross bill.

We are asked to consider cruelty as a ground for divorce. The court in its decree said that, "The court does not feel that the parties can be reconciled." The evidence in the record has been carefully considered in connection with the briefs and the court has reached the conclusion that the decree of the court should have been in favor of the appellee on the ground of cruelty and not in favor of the appellee on the ground of voluntary abandonment. The decree of the lower court is accordingly modified in that respect and as modified it is affirmed. A. discussion of the evidence will serve no useful purpose. Markham v. Markham, 248 Ala. 32, 26 So. 2d 562; Savage v. Savage, 246 Ala. 389, 20 So.2d 784; § 22, Title 34, 1955 Cumulative Pocket Part, Code of 1940.

Accordingly the decree of the court is modified and as modified is hereby affirmed.

Modified and affirmed.

LAWSON, SIMPSON, GOODWYN and MERRILL, JJ., concur.