265 So.2d 148

**Hillman Minor McWHORTER**

**v.**

**Elizabeth Jones McWHORTER.**

**8 Div. 62.**

Court of Civil Appeals of Alabama.

July 5, 1972.

Rehearing Denied Aug. 2, 1972.

David J. Vann, Birmingham, for appellant.

NO BRIEF FROM APPELLEE.

HOLMES, Judge.

This is an appeal from the Madison Circuit Court, in Equity. The record in this cause reveals appellant, Hillman McWhorter, and appellee, Elizabeth McWhorter, were married September 2, 1950, and have two sons. The parties separated on November 27, 1969, when appellant moved out of the house.

Appellant husband filed a bill for divorce on December 3, 1969, alleging cruelty. On November 19, 1970, the court, after hearing testimony, entered a decree of divorce in favor of appellant "for and on account of cruelty."

Appellee filed a motion for rehearing on December 9, 1970, which on that date was continued by the court to February 10, 1971, and again continued to March 10, 1971. On February 19, 1971, appellee assigned further grounds to her motion for rehearing. Appellant filed a motion to strike the additional grounds for rehearing. This motion was granted. The operation and effect of the November 19, 1970, decree was suspended pending such hearing.

On March 10, 1971, a decree was entered finding the decree of November 19, 1970, not in conformity with the evidence as given in open court and from the wording of the decree the application for rehearing was granted and the November 19, 1970, decree was set aside with the cause being set down for further hearings on May 5, 1971.

On April 1, 1971, appellee filed a cross-bill averring adultery of appellant and that more than one year next preceding the filing of the cross-bill, appellant had voluntarily abandoned the bed and board of appellee, and prayed for a divorce. Appellant filed a answer to the cross-bill and issue was joined.

The cause was heard and on June 9, 1971, the court entered a decree of divorce on the ground of "voluntary abandonment" as alleged in the cross-bill of appellee Elizabeth McWhorter. On June 29, 1971, and on July 1, 1971, the court amended the June 9 decree without motion or hearing.

Appellant assigns some ten assignments of error. Assignments of Error 1 through 3 contend that the trial court was in error in issuing its order of March 10, 1971, which order reads as follows:

"This cause coming on again to be heard, is submitted for decision upon the application for rehearing filed with the Registrar of this Court on the 9th day of December, 1970—and upon consideration of the same, the Court finds that said application should be granted; that the decree of the Court heretofore entered in this cause on November 19, 1970, is not in conformity with the evidence as given in open Court; it is therefore

"ORDERED, ADJUDGED AND DE-CREE[D] by the Court that the application for rehearing of the decree and order rendered in this cause on the 19th day of November, 1970, be and the same is hereby set aside, declared NULL and VOID and held for nought, and has no force and effect whatsoever, and it is further

"ORDERED that this cause be set down for hearing before this Court for the taking of testimony ore tenus on the 5th day of May, 1971, at 10:00 o'clock A. M., and that the parties in this cause take immediate steps to make sure that the cause is at issue and ready for the taking of testimony on the same date.

"DONE this the 10th day of March 1971.

> "S/ John W. Green, Jr.
> John W. Green, Jr., Judge
> Circuit Court of Madison
> County, In Equity, Family
> Division"

Appellant argues that this decree is ambiguous and does not grant a rehearing. This court cannot agree. This must be our conclusion as the facts are clear that a rehearing was held and issue joined. As the Supreme Court of Alabama has said:

"It is enough that the appellant entered upon the second trial, after reinstatement of the cause, without objection, and consented impliedly for the court to pass judgment upon the merits. This would estop her from raising the objection at this time in the appellate court. . . ." Johnson v. Bell, 71 Ala. 258, 260.

The Supreme Court has consistently held in consonance with the provisions of Equity Rule 62, that no appeal will lie from an order or decree in equity granting or overruling a motion for rehearing, unless it modifies the decree. Scott v. Scott, 247 Ala. 266, 24 So.2d 25; Linn v. Linn, 242 Ala. 688, 8 So.2d 187. In both the *Linn* and *Scott* cases the court specifically held that a decree setting aside a final decree was not a modification. Rehearings in equity rest in the sound discretion of the chancellor. Ex parte Gresham, 82 Ala. 359, 2 So. 486, 488.

Assignments of Error 4 and 5 contend that the trial court was in error in that appellee's ground for divorce, to wit, voluntary abandonment under Tit. 34, § 20, Code of Alabama of 1940 (Recompiled 1958), upon which the trial court granted a divorce cannot be supported in that the one year period of abandonment, even if it had expired before the filing of the cross-bill, had not expired prior to the filing of the original bill. Counsel for appellant, in his well reasoned brief, cites authority from without the State of Alabama. This court is bound by the decisions of the Supreme Court of Alabama, and in Mathison v. Mathison, 267 Ala. 101, 100 So.2d 11, the Supreme Court held the following:

"We agree with the trial court that the cross bill seeking independent equitable relief against the original complainant, i. e., a divorce on statutory grounds connected with or growing out of the original bill may be based on facts which may have occurred after the original bill was filed, but before the cross bill was filed. Therefore, the demurrer to the cross bill attacking it for that reason was properly overruled, and the decree

should be affirmed." (267 Ala. at page 103, 100 So.2d at page 13)

See also Jackson v. Jackson, 270 Ala. 596, 120 So.2d 568.

The remaining assignments of error we disposed of by the above and by noting that the decree modifications were within the thirty-day period where the cause is within the breast of the court. Ward v. Blackwell, 269 Ala. 632, 115 So.2d 41; Equity Rule 65, 1940 Code of Alabama, Tit. 7, Appendix.

There being no error presented or argued to this court upon which to base a reversal, the judgment of the lower court is affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.