JENNETTE FRUIT & PRODUCE CO., INC. v. SEAFARE CORPORATION, MICH[AE]L D. HAYMAN, PHOEBE G. HAYMAN, WILLIAM A. STAFFORD AND WIFE, VANESSA C. STAFFORD, TRENOR CORPORATION, THOMAS E. FLOUNDERS, III, AND EDWARD T. CAYTON, III, TRUSTEES, AND NORMAN W. SHEARIN, JR., TRUSTEE

No. 841SC1250

(Filed 2 July 1985)

**Rules of Civil Procedure § 13— plaintiff's voluntary dismissal of all claims — dismissal of crossclaim not required**
  Unless a crossclaim is dependent upon plaintiff's original claim or is purely defensive, a plaintiff's dismissal of its claims against all defendants does not require dismissal of crossclaims properly filed in the same action.

APPEAL by defendant Seafare Corporation from *Watts, Judge.* Order entered 28 August 1984 and amended 13 September 1984 *nunc pro tunc* 28 August 1984 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 17 May 1985.

Defendant Seafare Corporation appeals from an order dismissing without prejudice its crossclaim against codefendants William A. Stafford, Vanessa C. Stafford and Trenor Corporation.

*Trimpi, Thompson & Nash, by John G. Trimpi and C. Everett Thompson, for defendant appellant Seafare Corporation.*

*Leroy, Wells, Shaw, Hornthal & Riley, by Dewey W. Wells, for codefendant appellees William A. Stafford and Vanessa C. Stafford.*

*No brief filed for codefendant appellee Trenor Corporation.*

WHICHARD, Judge.

The issue is whether plaintiff's voluntary dismissal of its claims against all defendants requires dismissal of a crossclaim pled by one defendant against three codefendants. We hold that it does not, and we accordingly reverse.

Plaintiff sought to recover money due it from defendant Seafare Corporation (defendant). It also sought to set aside a conveyance of real property from defendant to codefendants William A. Stafford and Vanessa C. Stafford on the ground that the conveyance was without consideration and made with intent to defraud plaintiff and other creditors. Codefendants Stafford conveyed to codefendant Trenor Corporation a portion of the property which defendant conveyed to them.

Defendant admitted that it owed plaintiff a sum of money and that it had made the conveyance to the Staffords. It alleged, however, that it made the conveyance upon certain assurances and representations by the Staffords which "were false and made with fraudulent intent . . . and for the purpose of defrauding and deceiving [it]." Defendant cross-claimed against the Staffords and Trenor Corporation (codefendants) seeking to have the conveyances declared void.

By notice filed 6 August 1984 plaintiff voluntarily dismissed its action as to all defendants. The court subsequently dismissed defendant's crossclaims without prejudice to its "rights . . . to bring a separate action against all remaining defendants." The order recited, as the basis for the ruling, that "the Court [was] of the opinion that the dismissal of plaintiff's claims against the

crossclaiming defendants requires the dismissal of said cross-claims." Defendant appeals.

Crossclaims are governed by G.S. 1A-1, Rule 13(g), which provides:

> A pleading may state as a crossclaim any claim by one party against a coparty arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action.

As this litigation was initially constituted, defendant was a party and codefendants were coparties. Defendant's crossclaim related to the real property conveyed by defendant to codefendants Stafford, which property was part of the subject matter of plaintiff's original action. The crossclaim thus met the requirements of Rule 13(g).

The rule does not resolve the issue of whether plaintiff's dismissal of its action against all defendants requires dismissal of defendant's crossclaim against codefendants. The question appears to be one of first impression in this jurisdiction. A treatise on North Carolina civil practice and procedure states: "A defendant may continue to maintain a crossclaim against a codefendant even though the plaintiff's claim against that codefendant is subsequently dismissed; however, a defendant against whom the plaintiff's claim has been dismissed may not thereafter maintain a crossclaim against a codefendant." W. Shuford, *North Carolina Civil Practice and Procedure* Sec. 13-10 at 120 (2nd Ed. 1981). The treatise cites no North Carolina or other state court authority for the proposition stated, however, and our research has disclosed none. The single case cited, *United States v. Thomas Steel Corporation*, 107 F. Supp. 418 (1952), is distinguishable from this case in that (1) the issue there was actually whether to dismiss a party rather than, as here, the viability of that party's crossclaim upon the party's dismissal, and (2) the decision involved concerns over federal jurisdiction that are not applicable in a state court action. We thus find *Thomas Steel* neither authoritative nor persuasive here.

Crossclaims generally are held to be within the ancillary jurisdiction of federal courts and thus need not present independ-

ent grounds of federal jurisdiction. 6 Wright and Miller, *Federal Practice and Procedure* Sec. 1433 at 177 (1971). Dismissal of an original claim for lack of subject matter jurisdiction, however, requires dismissal of a crossclaim unless that claim is supported by an independent basis for federal jurisdiction. *Id.* at 180; 2 H. Kooman, *Federal Civil Practice* Sec. 13.16 at 199 (1969). *See also Picou v. Rimrock Tidelands, Inc.*, 29 F.R.D. 188 (1962) (original claim dismissed for lack of diversity but crossclaim retained on grounds of independent basis for diversity jurisdiction; court cited reasons of judicial economy and facilitation of litigation). Dismissal of an original claim in federal court on non-jurisdictional grounds generally requires dismissal of a crossclaim where the federal court, by resolving the crossclaim, would invade state autonomy by unnecessarily deciding "a claim purely of state law." *American Nat. Bank & Tr. Co. of Chicago v. Bailey*, 750 F. 2d 577, 581 (7th Cir. 1984), citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed. 2d 218, 228 (1966) ("[n]eedless decisions of state law should be avoided . . .").

Concerns relating to diversity jurisdiction which govern dismissal of crossclaims upon dismissal of original claims in federal courts are not present in an action in state court, however. No jurisdictional issue is presented. If defendant's crossclaim had been filed as an original action to set aside the conveyance as fraudulent, our courts would have had both personal and subject matter jurisdiction. Further, no problem of usurpation of state prerogatives by a federal court is presented. The unique role of the federal courts in our system that has shaped their interpretation of Rule 13(g) as it relates to dismissal of crossclaims upon dismissal of original claims is inapposite in an action in state court. We thus find the federal cases requiring dismissal of crossclaims upon dismissal of original claims unauthoritative and unpersuasive here. We note also that "several [federal] courts have held that if the main action is terminated on nonjurisdictional grounds, then the court may continue to hear the cross-claim even though it does not satisfy the requirements for federal subject matter jurisdiction," 6 Wright and Miller, *supra*, Sec. 1433 at 181, and that one commentator has stated that "[a] cross-claim may . . . be maintained after the dismissal of the main action for lack of Federal jurisdiction where independent grounds of Federal jurisdiction do exist as to the cross-claim," 2 H. Kooman, *supra*, Sec. 13.16 at 199.

Our research has disclosed no state court case resolving the precise issue presented. It has been held, however, that a cross-claim against a coparty survives dismissal of the plaintiff's claim against that party. *Land v. Highway Const. Co., Ltd.*, 645 P. 2d 295, 299 (Hawaii 1982). *See also Iliff v. Richards*, 272 S.E. 2d 645, 648 (Va. 1980). It has also been held that a counterclaim survives the dismissal of the plaintiff's original claim. *Young v. Jones*, 230 S.E. 2d 32, 33 (Ga. App. 1976).

Early equity decisions dealt with crossbills, which generally covered both crossclaims and counterclaims. *Bell v. McLaughlin*, 62 So. 798, 799 (Ala. 1913). The general rule was that if the relief sought in a crossbill was merely defensive and would be satisfied by dismissal of the original bill, dismissal of the original bill operated to dismiss the crossbill. *Equitable Life Assur. Society v. Wilson*, 66 S.E. 836, 837 (Va. 1910). However, " 'where the cross-bill show[ed] grounds for equitable relief for matters growing out of the subject-matter of the original bill *which may uphold the jurisdiction of the court independent of the original bill,*' the dismissal of the original bill [did] not carry with it [the] cross-bill." *Bell*, 62 So. at 799.

Finally, we note that at least one state has resolved the issue statutorily by providing, as follows, that the crossclaim survives: "No dismissal, voluntary or involuntary, of a plaintiff's action in which a counterclaim or cross-claim has been filed shall operate to dismiss or discontinue such counterclaim or cross-claim." 31 Mo. Ann. Stat. Sec. 510.170 (Vernon, 1952).

Finding no controlling authority, we adopt, as the preferable policy, the approach of the Missouri statute. We perceive no valid or compelling reason to dismiss a crossclaim over which the courts of this state have jurisdiction merely because the plaintiff's original claim against the crossclaiming defendant has been dismissed. To hold otherwise would needlessly force a defendant who has filed a proper crossclaim concerning a matter governed by state law to refile its claim as a new action. This would require additional time and expense, including court costs and counsel fees. Further, absent adoption of "relation-back" principles which could unnecessarily complicate the litigation, it could result in the time-barring of claims once timely filed. Such a holding would elevate form over substance. *See Equitable Life*

*Assur. Society*, 66 S.E. at 837 ("would manifestly sacrifice substance to form"). It would also be inconsistent with the purpose of Rule 13(g) to enlarge the scope of permissible crossclaims, which pre-Rules law permitted only for indemnification in a tort action. *See* Shuford, *supra*, Sec. 13-2 at 114-15.

"The aim of procedural rules is facilitation [,] not frustration [,] of decisions on the merits." *Frommeyer v. L. & R. Construction Co.*, 139 F. Supp. 579, 585 (D.N.J. 1956). "The canon of interpretation of the . . . Rules is one of liberality, and . . . the general policy of the Rules is to disregard technicalities and form and determine the rights of litigants on the merits." *Johnson v. Johnson*, 14 N.C. App. 40, 42, 187 S.E. 2d 420, 421 (1972). To allow litigation of properly filed crossclaims to proceed regardless of whether a plaintiff's original claim remains extant will facilitate resolution of the crossclaims on their merits, while to disallow such is to regard technicalities and form without serving a substantive purpose. We thus hold that, unless a crossclaim is dependent upon plaintiff's original claim (as would be, e.g., a crossclaim for indemnity or contribution) or is purely defensive, a plaintiff's dismissal of its claims against all defendants does not require dismissal of crossclaims properly filed in the same action. The order is accordingly

Reversed.

Chief Judge HEDRICK and Judge WEBB concur.