UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

STO CORPORATION, individually and
as Assignee and Subrogee of J.
Kent Pepper and Martha N. Pepper,
　　　　　　*Plaintiff-Appellant,*

　　　　　v.

LANCASTER HOMES, INCORPORATED,
　　　　　　*Defendant-Appellee.*

No. 00-1475

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
W. Earl Britt, Senior District Judge.
(CA-99-213-7-BR)

Argued: January 23, 2001

Decided: April 27, 2001

Before WILLIAMS and MICHAEL, Circuit Judges, and
Claude M. HILTON, Chief United States District Judge for
the Eastern District of Virginia, sitting by designation.

Affirmed in part, reversed in part, and remanded with instructions by
unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Charles Lyman Becker, WOMBLE, CARLYLE, SAN-
DRIDGE & RICE, Raleigh, North Carolina, for Appellant. Rodney
Allen Dean, DEAN & GIBSON, L.L.P., Charlotte, North Carolina,

for Appellee. **ON BRIEF:** Robert E. Fields, III, Mary S. Pollard, WOMBLE, CARLYLE, SANDRIDGE & RICE, Raleigh, North Carolina, for Appellant. Christopher J. Culp, DEAN & GIBSON, L.L.P., Charlotte, North Carolina; Julie Goodman, Steven Embry, BROWN, TODD & HEYBURN, P.L.L.C., Lexington, Kentucky, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Sto Corporation (Sto) brought a diversity action against Lancaster Homes, Inc. (Lancaster) in federal court, alleging state law claims of breach of warranty, breach of contract, and contribution. These same claims are the subject of ongoing litigation in North Carolina state court. The district court abstained from exercising jurisdiction under the principles articulated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). Because we agree that this case presents exceptional circumstances warranting abstention, we affirm the district court's decision to abstain. However, the resolution of the state court proceedings may not completely dispose of Sto's claims in federal court. We therefore reverse the district court's order dismissing this case and remand for entry of a stay order pending the disposition of the case in state court.

### I.

In November 1996 J. Kent and Martha Pepper instituted an action in North Carolina Superior Court. The Peppers sued Lancaster, a general contractor; Sto, a manufacturer of insulation; and Prime South Homes, a subcontractor who installs insulation. Their complaint alleged state law claims of negligence, breach of contract, breach of express warranty, and breach of implied warranty. The suit arose out of the construction of their house, which occurred in 1993. The Pep-

pers maintained that faulty application and defective manufacture of the exterior insulation finish system caused water damage to the structure.

Sto filed a cross-claim against Lancaster, alleging that if Sto was liable to the Peppers, Sto was entitled to indemnification or contribution from Lancaster. Lancaster brought third-party claims against Western Cedar Roofs, Inc. (the roofer), Coastal Window & Door Center (the window distributor), and Lincoln Wood Products, Inc. (the window manufacturer). After almost two years of discovery a jury trial commenced in state court on September 28, 1998. The case was tried for six weeks. Then, on November 6, 1998, after the Peppers and Lancaster had rested their case, the Peppers entered into a settlement agreement with Sto. On that same day the Peppers orally moved to dismiss all of their claims, including those against Lancaster and Prime South Homes. The judge granted the motion from the bench and dismissed the jury. However, the judge did not make any findings, and he never entered a written order of dismissal. A week later, on November 13, the Peppers assigned to Sto "all claims and causes of action against any person or entity . . . for damages to [the Pepper] house."

Seven months later, on June 11, 1999, Sto filed a motion in state court to amend its pleadings to assert the assigned claims against Lancaster and Western Cedar Roofs. Lancaster opposed the motion to amend. Lancaster's principal argument was that Sto cannot assert the Peppers' claims because they were dismissed with prejudice. Sto's motion to amend is still pending in state court.

On November 5, 1999, five months after filing its motion to amend with the state court, Sto brought an action against Lancaster in federal court. Sto asserts its assigned claims — breach of express warranty, breach of implied warranty, and breach of contract — in the federal action. In the alternative, Sto alleges that it is entitled to contribution from Lancaster. Lancaster filed a motion to dismiss or stay the case, arguing that the district court should abstain from exercising jurisdiction pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).[1] The district court granted the

---

[1]"Although not technically a doctrine of abstention, the *Colorado River* doctrine has become known as such . . . ." *Al-Abood v. El-Shamari*, 217 F.3d 225, 232 n.3 (4th Cir. 2000).

motion and dismissed the case. Sto then filed a motion for reconsideration, asking the district court to stay the action instead of dismissing it. The district court denied the motion for reconsideration. Sto appeals.

## II.

We start with the premise that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Id.* at 813. The federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Id.* at 817. However, *Colorado River* held that in certain exceptional circumstances, a federal court should abstain in the face of a state court's contemporaneous exercise of jurisdiction. *See id.* at 818. *Colorado River* abstention rests on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817 (internal quotation marks and citations omitted).

In order for a federal court to abstain under the *Colorado River* doctrine, two conditions must be satisfied. First, there must be parallel proceedings in state and federal court. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *New Beckley Mining Corp. v. Int'l Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991). Second, exceptional circumstances warranting abstention must exist. The Court in *Colorado River* announced several factors that are relevant in determining whether a particular case presents such exceptional circumstances. A federal court should consider whether a state court has assumed jurisdiction over property. In addition, such factors as "the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums" should be considered. *Colorado River*, 424 U.S. at 818 (citations omitted). In *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983), the Supreme Court added two additional factors: whether state or federal law is implicated and whether the state court proceedings are adequate to protect the parties' rights. *See id.* at 23, 26.

We review a district court's abstention on *Colorado River* grounds for abuse of discretion. *See New Beckley*, 946 F.2d at 1074. "The dis-

trict court must nevertheless exercise its discretion in accordance with the Colorado River 'exceptional circumstances test.'" *Id.*

A.

We agree with the district court that the state and federal cases are parallel proceedings.[2] The issues are the same in the two forums. In state court Sto asserted an indemnity or a contribution claim against Lancaster. In addition, in state court Sto seeks to assert against Lancaster the causes of action that the Peppers assigned to Sto. In federal court Sto's claims include the assigned claims from the Peppers as well as a claim for contribution against Lancaster. Sto argues that because the state court has not yet ruled on its motion to amend, the assigned claims have not entered the state court case. Thus, although there is a potential for parallel proceedings after the state court rules on the motion, Sto claims that the lawsuits as they currently stand are not parallel. We disagree. The federal court and the state court are in essentially the same position because Sto seeks to assert the same causes of action in both courts, namely, contribution/indemnity and the Peppers' substantive claims that have been assigned to Sto. Therefore, we hold that Sto is attempting to litigate the same issues in both the state and federal forums.

We recognize that although the issues are identical, the parties are not exactly the same in the two courts. Additional parties were involved in the state court suit at its inception, including Prime South Homes and the third-party defendants against which Lancaster asserted claims. In contrast, Sto chose to sue only Lancaster in the federal forum. However, the parties only need to be substantially the same for the *Colorado River* abstention doctrine to apply. Sto and Lancaster are the only parties that are both original defendants and involved in Sto's motion to amend. Furthermore, Prime South Homes, Coastal Window & Door Center, and Lincoln Wood Products may no longer be involved in the state case because of the Peppers' dismissal.

---

[2]Sto argues that in reviewing the district court's determination of whether there are parallel proceedings, we should adopt a de novo or more rigorous abuse of discretion standard of review. We do not need to reach this question because even under a de novo standard of review our result would be the same.

That leaves Western Cedar Roofs as the only party in the state suit that is missing from the federal suit. The absence of this one party does not defeat the parallel nature of the lawsuits. *See Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989) ("We should be particularly reluctant to find that the actions are not parallel when the federal action is but a 'spin-off' of more comprehensive state litigation.").

Accordingly, in addition to the identical nature of the issues, the parties in the two forums are now substantially the same. Thus, we hold that the first condition of the *Colorado River* doctrine is satisfied.

### B.

We also hold that the district court did not abuse its discretion by concluding that this case presents the exceptional circumstances allowing for *Colorado River* abstention. We recognize, of course, that not all of the factors favoring abstention are present. This case does not involve property, and the federal court is just as convenient for the parties as the state court. However, a decision to abstain does not require the presence of all of the factors. Instead, the factors are to be applied "in a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses H. Cone*, 460 U.S. at 21. When the remaining factors are examined in this case, two factors slightly favor abstention and one overwhelmingly favors it.

First, because of the presence of at least one other party in the state suit, there is a possibility of piecemeal litigation.[3] The threat of inconsistent results and judicial inefficiency, without more, does not satisfy this factor. *See Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7, 13, 16 (1st Cir. 1990). Exercising federal jurisdiction in this case would present a problem in addition to the inherent inefficiency

---

[3]In *Colorado River* the federal law at issue created a clear policy of avoiding piecemeal adjudication with respect to river system water rights. Therefore, abstention was appropriate. *See* 424 U.S. at 819. In contrast, the Federal Arbitration Act requires piecemeal litigation if necessary to effectuate an arbitration agreement. Therefore, abstention was inappropriate in *Moses H. Cone*. *See* 460 U.S. at 20. In this case there is no federal law or policy at issue.

of parallel litigation. Sto's state court motion to amend seeks to include claims against Western Cedar Roofs as well as Lancaster. However, Western Cedar Roofs is not a defendant in the federal suit, and a federal court ruling that Lancaster is liable to Sto may not resolve the issue of Western Cedar Roofs's liability. In other words, an issue might be left for resolution in state court. *Cf. Am. Bankers Ins. Co. v. First State Ins. Co.*, 891 F.2d 882, 885 (11th Cir. 1990) (the presence of an additional party in state court weighs slightly in favor of abstention because piecemeal litigation may result).

At oral argument Sto suggested that any necessary parties could be joined in the federal suit. This suggestion does not change our conclusion. First of all, if Western Cedar Roofs is a nondiverse party, the federal court will have no jurisdiction. Furthermore, Sto was the one who chose to fashion its federal suit in the way that it did, and it has to accept those consequences. As the federal case stands now, the absence of a party may result in piecemeal litigation. This possibility lends some support for federal court abstention.

Second, exercising jurisdiction would require the federal court to delve into complicated issues of North Carolina procedural law. The presence of state law issues in itself does not create a circumstance in which a federal court should surrender jurisdiction. After all, federal courts sitting in diversity regularly grapple with questions of state law. *See Evans Transp. Co. v. Scullin Steel Co.*, 693 F.2d 715, 717 (7th Cir. 1982). However, in "rare circumstances" the presence of state law issues will serve as a factor in a federal court's abstention decision. *Moses H. Cone*, 460 U.S. at 26. *See also Gordon v. Luksch*, 887 F.2d 496, 498 (4th Cir. 1989) (refusing to abstain because the case required interpretation of state law issues that are "uncomplicated and permit little legal disagreement"); *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 328 (2d Cir. 1986) (refusing to abstain because the case did not present "novel or unique" state law issues).

Resolving this case requires an interpretation of North Carolina Rule of Civil Procedure 41(a)(2). That rule provides that after a plaintiff rests her case, she is allowed to dismiss without prejudice only "upon order of the judge and upon such terms and conditions as justice requires." The rule says nothing about whether the order has to

be in writing or what kind of findings are required. The trial judge in the state court case said he was dismissing without prejudice, but he issued no findings and no written order. Determining the nature of the Peppers' dismissal will not be a straightforward inquiry. Therefore, the questions of North Carolina procedure are another reason to favor federal court abstention in this case.

Finally, the most persuasive factor in favor of abstention is the order in which the forums assumed jurisdiction. In considering this factor, we look not only to which action was filed first but also to "how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. The state court action has made substantial progress. The state suit commenced three years before the federal one. There was extensive pretrial activity, including discovery and mediation, as well as a six-week jury trial. After the state judge orally granted the Peppers' motion to dismiss, Sto filed a motion to amend its pleadings (to assert the assigned claims), Lancaster filed a response, and a hearing was held. *Cf. Nakash v. Marciano*, 882 F.2d 1411, 1413 (9th Cir. 1989) (federal court abstention was proper where state court history consisted of 70 hearings, 100 depositions, and 300,000 documents). This long, active history in state court stands in stark contrast to the brief history in federal court. After Sto filed its complaint in federal court, the activity there was essentially limited to consideration of whether that action should be dismissed or stayed.

Sto's status in both suits also bears on the filing sequence (or litigation progress) factor. The fact that the same plaintiff files suit in federal court after first filing in state court weighs in favor of abstention, according to several courts. *See Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7, 14 (1st Cir. 1990); *LaDuke v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1561 (7th Cir. 1989); *Am. Int'l Underwriters, (Phil.), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1260-61 (9th Cir. 1988); *Telesco v. Telesco Fuel & Masons' Materials, Inc.*, 765 F.2d 356, 363 (2d Cir. 1985). In the state court action, which was instituted first, Sto filed a motion to amend its pleadings in order to stand in the place of the Peppers, the original plaintiffs. Thereafter, Sto (as plaintiff) instituted the federal action. This, we believe, offers some support for abstention.

Because of the presence of three factors favoring abstention, we hold that the district court exercised its discretion within the bounds

of the *Colorado River* conditions. A federal court should be reluctant to decline to exercise its jurisdiction, but in the unique circumstances of this case abstention will promote the efficient and comprehensive resolution of the dispute.

C.

Sto argues that even if the district court did not err in abstaining, it should have stayed the federal case pending the resolution of the state court action. A federal court abstaining on *Colorado River* grounds should dismiss the case if "the determinative issues will unfailingly be resolved within the parameters of the state-court litigation . . . as no further action by the district court is anticipated." *Cox v. Planning Dist. I Cmty. Mental Health & Mental Retardation Servs. Bd.*, 669 F.2d 940, 943 (4th Cir. 1982). However, if the federal case has a chance of continuing even after the resolution of the state case, a stay pending the resolution of the state suit is the appropriate disposition in federal court. *See Kelser v. Anne Arundel County Dep't of Soc. Servs.*, 679 F.2d 1092, 1094 (4th Cir. 1982).

In this case the state court's resolution of the pending motion may or may not completely dispose of the case. A state court decision that the Peppers' dismissal was with prejudice will be conclusive because it will mean that the Peppers had nothing to assign to Sto and that Sto cannot revive the Peppers' causes of action. Similarly, a state court decision to grant Sto's motion to amend and proceed with the case will leave nothing for the federal court to do.

On the other hand, the state court may deny Sto's motion to amend because its cross-claims were dismissed when the Peppers' claims were dismissed. *See Jennette Fruit & Produce Co. v. Seafare Corp.*, 331 S.E.2d 305, 308 (N.C. Ct. App. 1985). Alternatively, the state court may deny Sto's motion because it would not be in the interest of justice to grant it or because granting it would result in undue delay or prejudice. *See* N.C. R. Civ. P. 15(a); *Outer Banks Contractors, Inc. v. Daniels & Daniels Constr., Inc.*, 433 S.E.2d 759, 762 (N.C. Ct. App. 1993). The presence of these options make it necessary for the federal court to retain the present case on its docket because otherwise the statute of limitations could bar Sto from refiling its claims against

Lancaster in any court.[4] A stay of the federal action would avoid any potential statute of limitations problems. *See Evans Transp. Co. v. Scullin Steel Co.*, 693 F.2d 715, 717-18 (7th Cir. 1982).

### III.

We affirm the district court's decision to abstain. However, we reverse the district court's order to dismiss the case and remand with instructions that the court enter an order staying this action pending resolution of the state court case.

*AFFIRMED IN PART, REVERSED IN PART,*

*AND REMANDED WITH INSTRUCTIONS*

---

[4]In North Carolina a defective construction claim must be brought within six years of the substantial completion of the improvement. *See* N.C. Gen. Stat. § 1-50(a)(5). The Peppers occupied their house on January 4, 1994. Therefore, Sto, as an assignee of the Peppers, had to bring its claim by January 4, 2000, at the latest. Furthermore, North Carolina law provides that an action dismissed without prejudice must be refiled within one year of the dismissal. *See* N.C. R. Civ. P. 41(a). Since the trial court orally dismissed the Peppers' claims on November 6, 1998, Sto might have had only until November 6, 1999, to refile its assigned claims. That same deadline would apply to Sto's contribution claim, which has to be brought a year after the settlement agreement. *See* N.C. Gen. Stat. § 1B-3(d)(2).